# EXHIBIT A

1    ROBBINS GELLER RUDMAN
      & DOWD LLP
2    JAMES I JACONETTE (179565)
      655 West Broadway, Suite 1900
3    San Diego, CA  92101-8498
      Telephone:  619/231-1058
4    619/231-7423 (fax)
      – and –
5    SHAWN A. WILLIAMS (213113)
      Post Montgomery Center
6    One Montgomery Street, Suite 1800
      San Francisco, CA  94104
7    Telephone. 415/288-4545
      415/288-4534 (fax)
8
   Attorneys for Plaintiff
9
   [Additional counsel appear on signature page.]
10

**FILED**
**SAN MATEO COUNTY**

MAY – 1 2015

Clerk of the Superior Court
By _____
      DEPUTY CLERK

Filed By Fax

           SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   COUNTY OF SAN MATEO

12

| | |
|---|---|
| CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>      vs.<br><br>REVANCE THERAPEUTICS, INC., L  DANIEL BROWNE, LAUREN P. SILVERNAIL, JACOB WAUGH, ROBERT BYRNES, 7 RONALD W. EASTMAN, 8 PHYLLIS GARDNER, 9 JAMES GLASHEEN, 9 JONATHAN TUNNICLIFFE, 10 RONALD WOOTEN, 11 COWEN AND COMPANY, LLC, 12 PIPER JAFFRAY & CO., 13 BMO CAPITAL MARKETS CORP., 14 WILLIAM BLAIR & COMPANY, L.L.C 15 and DOES 1-25, inclusive,<br><br>                Defendants. | **VIA FAX**   C I V 5 3 3 6 3 5<br><br>Case No.<br><br>CLASS ACTION<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br><br><br><br><br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

1    Plaintiff City of Warren Police and Fire Retirement System ("plaintiff"), individually and on

2 behalf of all others similarly situated, by plaintiff's undersigned attorneys, for plaintiff's complaint

3 against defendants, alleges the following based upon personal knowledge as to plaintiff and plaintiff's

4 own acts, and upon information and belief as to all other matters based on the investigation conducted

5 by and through plaintiff's attorneys, which included, among other things, a review of Revance

6 Therapeutics, Inc.'s ("Revance" or the "Company") press releases, Securities and Exchange

7 Commission ("SEC") filings, analyst reports, media reports and other publicly disclosed reports and

8 information about defendants. Plaintiff believes that substantial evidentiary support will exist for the

9 allegations set forth herein after a reasonable opportunity for discovery.

10                              **NATURE OF THE ACTION**

11    1.    This is a securities class action on behalf of all those who purchased Revance common

12 stock in Revance's June 19, 2014 follow-on public stock offering (the "Offering"), seeking to pursue

13 remedies under the Securities Act of 1933 (the "1933 Act")

14                              **JURISDICTION AND VENUE**

15    2.    The claims alleged herein arise under §§11, 12(a)(2) and 15 of the 1933 Act, 15 U.S.C.

16 §§77k, 77l(a)(2) and 77o. Jurisdiction is conferred by §22 of the 1933 Act and venue is proper pursuant

17 to §22 of the 1933 Act. Section 22 of the 1933 Act explicitly states that "[e]xcept as provided in section

18 16(c), no case arising under this title and brought in any State court of competent jurisdiction shall be

19 removed to any court in the United States." Section 16(c) refers to "covered class actions," which are

20 defined as lawsuits brought as class actions or brought on behalf of more than 50 persons asserting

21 claims under state or common law. This is an action asserting federal law claims. Thus, it does not fall

22 within the definition of a "covered class action" under §16(b)-(c) and *is therefore is not removable to*

23 *federal court*, under the Securities Litigation Uniform Standards Act of 1998 or otherwise. *See Luther*

24 *v Countrywide Fin. Corp*, 195 Cal App. 4th 789, 792 (2011) ("The federal Securities Act of 1933 .. ,

25 as amended by the Securities Litigation Uniform Standards Act . . . , provides for *concurrent*

26 *jurisdiction* for cases asserting claims under the 1933 Act . . ."), *Luther v Countrywide Home Loans*

27 *Servicing LP*, 533 F.3d 1031, 1032 (9th Cir 2008) ("Section 22(a) of the Securities Act of 1933 creates

28 concurrent jurisdiction in state and federal courts over claims arising under the Act. It also specifically

1 | provides that such claims brought in state court are not subject to removal to federal court."), and
2 | *Plymouth County Ret. Sys v Model N, Inc.*, No. 14-cv-04516, 2015 U S. Dist LEXIS 1104, at *8 (N.D.
3 | Cal. Jan 5, 2015) ("Since 2013, . *every court* in this district to [adjudicate a motion to remand an
4 | action brought in state court pursuant to the Securities Act] *has granted remand*.")

5 | 3 The violations of law complained of herein occurred in this State and in part in this
6 | County At least one individual defendant resides in this County and at least two individual defendants
7 | reside on the border of this County and closer to this Court than any other Court. Revance maintains its
8 | corporate offices approximately 11 miles from this Court Each of the Underwriter Defendants (defined
9 | below) has a sizable San Francisco Bay Area office and maintains substantial and continuous contact
10 | with California by conducting significant investment banking operations in this County and throughout
11 | this State. Revance and the Underwriter Defendants were represented by counsel located in the San
12 | Francisco Bay Area in connection with the Offering.

13 | **PARTIES**

14 | 4. Plaintiff City of Warren Police and Fire Retirement System purchased Revance common
15 | stock in the Offering, and was damaged thereby

16 | 5. Defendant Revance is a clinical stage specialty biopharmaceutical company focused on
17 | the development, manufacture and commercialization of a topical botulinum toxin ("botox") solution
18 | for the treatment of wrinkles and other dermatological problems

19 | 6. Defendant L. Daniel Browne ("Browne") is, and was at the time of the Offering,
20 | Revance's co-founder, President, Chief Executive Officer ("CEO") and a director. Immediately prior to
21 | the Offering, Browne owned over 331,000 Revance shares, or approximately 1.7% of the outstanding
22 | shares, which included 70,626 common shares, 164,423 common shares underlying vested options
23 | exercisable within one month from the close of the Offering at prices between $2.55 and $9 15 per
24 | share, and 96,000 shares of unvested restricted stock. Browne's residence is in Palo Alto, California,
25 | approximately five and one-half miles from San Mateo County Superior Court at 400 County Center.
26 | 7. Defendant Lauren P. Silvernail ("Silvernail") is, and was at the time of the Offering,
27 | Revance's Executive Vice President, Corporate Development, and Chief Financial Officer ("CFO")
28 | Immediately prior to the Offering, Silvernail owned over 47,000 Revance shares, which included

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1  33,914 common shares underlying vested options exercisable within one month from the close of the

2  Offering at $8.70 per share.  Silvernail's residence is in Newport Coast, California.

3          8.      Defendant Jacob Waugh ("Waugh") is, and was at the time of the Offering, a co-founder

4  of Revance and its Chief Scientific Officer.  Immediately prior to the Offering, Waugh owned over

5  142,000 Revance shares, which included 53,333 common shares and 64,135 common shares underlying

6  vested options exercisable within one month from the close of the Offering at exercise prices of

7  between $2 55 and $9 15 per share   Waugh participated in the preparation of the Registration

8  Statement, including reviewing and approving statements contained in the Registration Statement

9  concerning RT001.  Waugh's residence is in San Mateo County.

10         9       Defendant Ronald W Eastman ("Eastman") is, and was at the time of the Offering, a

11  director of the Company.  Immediately prior to the Offering, Eastman beneficially owned over 4 1

12  million Revance shares, or approximately 22% of the outstanding shares, consisting largely of over 3.7

13  million common shares held by Essex Woodlands Health Ventures Fund VIII, L P  (including over

14  369,000 common shares underlying warrants exercisable at $0 15 per share), over 270,000 common

15  shares held by Essex Woodlands Health Ventures Fund VIII-A, L.P. (including over 26,000 common

16  shares that were previously underlying warrants exercisable at $0 15 per share), and over 117,000

17  common shares held by Essex Woodlands Health Ventures Fund VIII-B, L P. (including over 11,000

18  common shares underlying warrants exercisable at $0 15 per share). Eastman is a managing director of

19  Essex Woodlands Health Ventures VIII, LLC, a venture capital firm and general partner of the

20  aforementioned limited partnerships, and has (and had at the time of the Offering) shared voting power

21  and shared power to dispose of the shares held by the aforementioned limited partnerships.  Eastman's

22  residence is in Carmel, California.

23         10.     Defendant Phyllis Gardner ("Gardner") is, and was at the time of the Offering, a director

24  of the Company   Immediately prior to the Offering, Gardner beneficially owned over 462,000 Revance

25  shares, or approximately 2.4% of the outstanding shares, consisting largely of over 457,000 shares held

26  by Essex Woodlands Health Ventures Fund V, L P  (including over 41,000 common shares that were

27  previously underlying warrants exercisable at $0.15 per share) and over 5,300 common shares

28  underlying vested options exercisable within one month from the close of the Offering at exercise prices

- 3 -

of $2.55 per share. Gardner is a partner at Essex Woodlands Health Ventures VIII, LLC, a venture capital firm and general partner of the aforementioned limited partnership, and has (and had at the time of the Offering) shared voting power and shared power to dispose of the shares held by that limited partnership. Gardner's residence is in Stanford, California, approximately seven and one-half miles from San Mateo County Superior Court at 400 County Center.

11. Defendant Robert Byrnes ("Byrnes") is, and was at the time of the Offering, a director of the Company. Immediately prior to the Offering, Byrnes owned over 24,000 Revance common shares underlying vested options exercisable within one month from the close of the Offering at exercise prices of between $2.55 and $9.15 per share. Byrnes's residence is in Canyon Lake, California.

12. Defendant James Glasheen ("Glasheen") is, and was at the time of the Offering, a director of the Company. Immediately prior to the Offering, Glasheen beneficially owned over 726,000 Revance shares, or approximately 3.8% of the outstanding shares, consisting largely of over 709,000 shares held by Technology Partners Fund VII, L.P. (including over 50,000 common shares that were previously underlying warrants exercisable at $0.15 per share) and over 16,000 shares held by Technology Partners Affiliates VII, L.P. Glasheen is a managing member of TP Management VII, LLC, a venture capital firm and general partner of the aforementioned limited partnerships, and has (and had at the time of the Offering) shared voting power and shared power to dispose of the shares held by those limited partnerships. Glasheen's residence is in Corte Madera, California.

13. Defendant Jonathan Tunnicliffe ("Tunnicliffe") is, and was at the time of the Offering, a director of the Company. Immediately prior to the Offering, Tunnicliffe beneficially owned over 3.09 million Revance shares that were held by NovaQuest Pharma Opportunities Fund III, L.P., or approximately 16.4% of the outstanding shares, consisting largely of over 2.4 million common shares and over 658,000 common shares that were previously underlying warrants exercisable at $0.15 per share. Tunnicliffe is also a director of the general partner to the general partner of the aforementioned limited partnership, and has (and had at the time of the Offering) shared voting power and shared power to dispose of the shares held by the limited partnership. Tunnicliffe's residence is in Cary, North Carolina.

1       14     Defendant Ronald Wooten ("Wooten") is, and was at the time of the Offering, a director

2 of the Company   Immediately prior to the Offering, Wooten beneficially owned over 3 09 million

3 Revance shares that were held by NovaQuest Pharma Opportunities Fund III, L.P , or approximately

4 16.4% of the outstanding shares, consisting largely of over 2.4 million common shares and over

5 658,000 common shares that were previously underlying warrants exercisable at $0.15 per share.

6 Wooten is also a director of the general partner to the general partner of the aforementioned limited

7 partnership, and has (and had at the time of the Offering) shared voting power and shared power to

8 dispose of the shares held by the limited partnership. Wooten's residence is in Raleigh, North Carolina.

9       15.     The defendants referenced above in ¶¶6-14 are referred to herein as the "Individual

10 Defendants " The Individual Defendants each participated in the preparation of, and, with the exception

11 of Waugh, signed, the Registration Statement. Their participation in the solicitation of the Offering,

12 through preparation of the offering documents, was motivated by each of their financial interests in the

13 Company that were served by the Offering, and each of them financially benefited from the Offering in

14 numerous ways, including by substantially increasing the book value of Revance and the Individual

15 Defendants' shares and by providing a further liquid market in which to sell their shares upon the

16 exercise of in-the-money options or otherwise.   The defendants referenced above in ¶¶6-8 are

17 executives of Revance, participated in the roadshow to sell the Offering and are sometimes referred to

18 herein as the "Executive Defendants." Defendant Revance and the Individual Defendants who signed

19 the Registration Statement are strictly liable for the materially false and misleading statements

20 incorporated into the Registration Statement.

21       16.     Defendants Cowen and Company, LLC ("Cowen"), Piper Jaffray & Co. ("Piper"), BMO

22 Capital Markets Corp. ("BMO") and William Blair & Company, L L.C. are investment banking firms

23 that acted as underwriters of the Offering, helping to draft and disseminate the offering documents.

24 These defendants are referred to herein as the "Underwriter Defendants." Pursuant to the 1933 Act, the

25 Underwriter Defendants are liable for the materially false and misleading statements in the Registration

26 Statement as follows:

27       (a)     The Underwriter Defendants are investment banking houses which specialize,

28 *inter alia*, in underwriting public offerings of securities   They served as the underwriters of the

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1  Offering and shared more than $7.3 million in fees collectively. The Underwriter Defendants
2  determined that in return for their share of the Offering proceeds, they were willing to merchandize
3  Revance stock in the Offering  The Underwriter Defendants arranged a multi-city roadshow prior to the
4  Offering during which they, and the Executive Defendants, met with potential investors and presented
5  highly favorable information about the Company, its operations, and its financial prospects.

6              (b)     The Underwriter Defendants also demanded and obtained an agreement from
7  Revance that Revance would indemnify and hold the Underwriter Defendants harmless from any
8  liability under the federal securities laws  They also made certain that Revance had purchased millions
9  of dollars in directors' and officers' liability insurance.

10             (c)     Representatives of the Underwriter Defendants also assisted Revance and the
11 Individual Defendants in planning the Offering, and purportedly conducted an adequate and reasonable
12 investigation into the business and operations of Revance, an undertaking known as a "due diligence"
13 investigation. The due diligence investigation was required of the Underwriter Defendants in order to
14 engage in the Offering  During the course of their "due diligence," the Underwriter Defendants had
15 continual access to confidential corporate information concerning Revance's operations and financial
16 prospects.

17             (d)     In addition to availing themselves of virtually unbridled access to internal
18 corporate documents, agents of the Underwriter Defendants met with Revance's management, top
19 executives and outside counsel and engaged in "drafting sessions" throughout at least June 2014.
20 During these sessions, understandings were reached as to: (i) the strategy to best accomplish the
21 Offering, (ii) the terms of the Offering, including the price at which Revance stock would be sold; (iii)
22 the language to be used in the Registration Statement; (iv) what disclosures about Revance would be
23 made in the Registration Statement; and (v) what responses would be made to the SEC in connection
24 with its review of the Registration Statement.  As a result of those constant contacts and
25 communications between the Underwriter Defendants' representatives and management and top
26 executives, the Underwriter Defendants knew, or should have known, of Revance's existing problems
27 as detailed herein.

28

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1         (e)     The Underwriter Defendants caused the Registration Statement to be filed with

2   the SEC and declared effective in connection with offers and sales thereof, including to plaintiff and the

3   Class.

4        17.     The true names and capacities of defendants sued herein under California Code of Civil

5   Procedure §474 as Does 1 through 25, inclusive, are presently not known to plaintiff, who therefore

6   sues these defendants by such fictitious names.  Plaintiff will seek to amend this Complaint and include

7   these Doe defendants' true names and capacities when they are ascertained.  Each of the fictitiously

8   named defendants is responsible in some manner for the conduct alleged herein and for the injuries

9   suffered by the Company as a result of defendants' wanton and illegal conduct.

10                        **SUBSTANTIVE ALLEGATIONS**[1]

11       18     Defendant Revance develops and manufactures dermatology and aesthetic medicines,

12  products and treatments  The Company, formerly known as Essentia Biosystems, Inc., was founded in

13  1999, commenced operations in 2002 and changed its name to Revance in 2005.  Revance has never

14  had a product or treatment approved for commercial sale by the FDA.

15       19.     Botox is a neurotoxic protein produced by the bacterium Clostridium botulinum and

16  related species.  It is the most acutely lethal toxin known, with an estimated human median lethal dose

17  (LD-50) of 1 3-2.1 ng/kg intravenously or intramuscularly and 10-13 ng/kg when inhaled.  Botox

18  exposure can cause botulism, a serious and life-threatening illness in humans and animals.

19       20     Despite its toxicity, forms of botulinum toxin types A and B are available commercially

20  for research and various medical and cosmetic procedures.  Therapeutic indications include upper motor

21  neuron syndrome, focal hyperhidrosis, blepharospasm, strabismus, as well as a widely used cosmetic

22  treatments.

23       21.     The FDA requires drug products containing the toxin that are sold in the United States to

24  carry a mandatory warning, which since 2009 has included the caution that effects of locally

25  administered botox may spread from the injection area to other areas of the body, causing symptoms

26

27

28    [1]  All emphasis in bold and italics is added, unless otherwise noted.

1   similar to those of botulism.  The warning was the result of documented deaths associated with botox's

2   therapeutic uses, especially unapproved (off-label) use in children.

3        22.   Revance's lead product under development at the time of the Offering was RT001, a

4   physician-applied topical botulinum toxin type A for the treatment of wrinkles around the eyes,

5   colloquially referred to as "crow's feet."  Revance claims that its RT001 is a topical neurotoxin or

6   "neuromodulator," which means that it decreases muscle activity.  However, unlike other FDA-

7   approved neuromodulators for the treatment of crow's feet that are applied through injections, RT001 is

8   applied topically in the doctor's office, where it is left on the patient's skin for approximately 20

9   minutes.  Although the more traditional botox injection treatments – such as Allergan's Botox® – are

10  fairly quick and cause minimal discomfort, Revance has consistently maintained that many people

11  avoid injectable botox treatments because of the needles, claiming, therefore, that there is a large,

12  unaddressed, multi-million dollar market available for its product

13       23.   "Clinical research" refers to studies, or trials, that are done in people and overseen by the

14  FDA.  Drug developers, or "sponsors," must submit an Investigational New Drug ("IND") application

15  to the FDA before beginning clinical research.  Though there can be some additional post-approval

16  clinical testing, there are three explicitly delineated, pre-approval phases of clinical trials.

17      •   ***Phase 1:*** Once an IND has been approved by the FDA, drug candidates first undergo a
    Phase 1 clinical trial which typically involves 20 to 100 healthy volunteers and lasts
18        several months   According to the FDA, the purpose of Phase 1 clinical testing is to
    determine safety and dosage, and 70% of all drug candidates successfully complete this
19        phase

20      •   ***Phase 2:*** Phase 2 clinical trials typically involve up to several hundred people with the
    disease or condition and last several months to two years.  According to the FDA, the
21        purpose of a Phase 2 clinical trial is to demonstrate efficacy and to identify any side
    effects, and only 33% of drug candidates successfully complete this phase.
22

    •   ***Phase 3.*** Phase 3 clinical trials typically involve 300 to 3,000 volunteers who have the
23        disease or condition and typically last one to four years.  According to the FDA, the
    purpose of a Phase 3 clinical trial is to gather more information about safety and
24        effectiveness, studying different populations and different dosages and using the drug in
    combination with other drugs.  This phase of the clinical research process continues
25        until the developer decides to end clinical testing or files a marketing application with
    the FDA.  Before filing a marketing application, a developer must have adequate data
26        from two large, controlled Phase 3 clinical trials.

27       24   Though drug developers are not required to obtain FDA consent of the design of their

28  Phase 3 clinical trials, because Phase 3 clinical trials involve hundreds of people and take years to

1 complete, making them very expensive, the FDA permits drug developers/sponsors to sit down with the
2 agency following the conclusion of a Phase 2 trial to ensure that the size, design and endpoints selected
3 for a Phase 3 clinical trial will demonstrate what the FDA requires for approval   According to the
4 agency, "[a]t the end of Phase 2, the FDA and sponsors try to come to an agreement on how large-scale
5 studies in Phase 3 should be done," and "Phase 3 studies [then] begin if evidence of effectiveness is
6 shown in Phase 2."[2]  These meetings are referred to as EOP2 meetings

7      25     Privately, Revance had been wrestling with the FDA for years over what clinical
8 measures were appropriate to demonstrate efficacy of RT001   The outcome of these private disputes
9 was that the FDA downgraded the status of an EOP2 meeting Revance was trying to achieve, indicating
10 that in the FDA's view Revance was not even ready for an EOP2 meeting.  Unable to demonstrate
11 successful completion of Phase 2, Revance used the FDA's Formal Dispute Resolution process in an
12 effort to justify completion of Phase 2 and proceed into Phase 3 trials.  Revance's letter to the FDA,
13 never disclosed to investors in the Offering, stated in pertinent part as follows·

14     Pursuant to this formal dispute resolution process, Revance seeks FDA's agreement
15     with the following

16     •   Temporary Improvement in the severity of lateral canthal lines *at rest* is an
acceptable indication for RT001

17     •   The measurement of LCL *at rest is the appropriate primary clinical endpoint*
18     (*i e* primary efficacy assessment) to support the proposed indication for RT001
19     *Further, it is not required that Revance incorporates the assessment of LCL at sm[ile] in the primary endpoint.*  Revance is willing to conduct the measurement of LCL at smile as an additional, descriptive endpoint (*i e.* non-primary endpoint), if deemed necessary following this dispute resolution.

20     •   The proposed IGA-LCL and PSA scales [with "IGA" referring to
21 investigator/physician/physician's assistant filled-out scales and "PSA" referring
22 to a patient's own severity assessment] are valid measurement tools for the primary endpoint.  Revance may proceed with these scales, as currently defined, in Phase 3 clinical studies for [RT001]

23     •   *With the resolution of these three issues, the RT001 program has completed*
24     *End-of-Phase 2, no End-of-Phase 2 Meeting is required, and the RT001 program may proceed with Phase 3 clinical development*

25

26

27   [2]  *See* "The FDA's Drug Review Process: Ensuring Drugs Are Safe and Effective," www.fda.gov (last
28 visited April 29, 2015).

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

26.   In a letter dated May 2, 2012, the FDA made clear that Revance was rejecting the FDA's advice, refused to allow what Revance sought, and would not agree that the RT001 program had completed Phase 2   In refusing to agree that Revance had completed end of Phase 2, the FDA noted that Revance was not legally required to successfully complete an EOP2 meeting with the FDA to proceed with its Phase 3 clinical trial, but threatened that Revance's Phase 3 clinical trial would be destined for failure. Refusing to accept Revance's assertion that primary efficacy should be measured "at rest," rather than "at smile," the FDA further noted Revance was rejecting the FDA's advice that the appropriate primary endpoints for demonstrating efficacy are "at smile," notwithstanding that that was the "meaningful way" to demonstrate efficacy based on the long-time experience of the FDA's experts. In fact, the FDA's letter threatened that Revance's Phase 3 plan was doomed, warning that "*[i]f the requirement for muscle paralysis in terms of efficacy is not demonstrated in some way, the potential exists for questioning the need for botulinum toxin type A at all*" in RT001   Thus, the FDA explicitly warned Revance that the agency was not approving a botox treatment unless Revance demonstrated efficacy with muscle paralysis, necessitating that Revance demonstrate efficacy "at smile" as a primary endpoint.  Revance never disclosed the FDA's letter or that the FDA had indicated Revance was not even ready for an EOP2 meeting

27.   Claiming to be engaged in a Phase 3 clinical trial was critical to Revance at the time of the Offering. Indeed, as Revance had conceded in its 2013 Annual Report to Shareholders in February 2014: "RT001 is our lead product candidate in clinical development *and we are substantially dependent on its regulatory approval and successful commercialization*"

### THE MATERIALLY FALSE AND MISLEADING REGISTRATION STATEMENT

28    On or about June 6, 2014, Revance filed with the SEC its registration statement on Form S-1 (Registration No. 333-196582), which, following amendment and being declared effective by the SEC on June 18, 2014, would later be utilized for the Offering (the "Registration Statement")  Though the initial registration statement stated only three million shares were being issued and offered in the Offering, on June 18, 2014, defendants increased the size of the Offering to four million shares, plus an underwriter's overallotment of 600,000 shares.  On or about June 19, 2014, Revance and the

- 10 -

1 Underwriter Defendants priced the Offering and filed the final prospectus for the common stock
2 Offering (the "Prospectus"), which forms part of the Registration Statement (the Prospectus and
3 Registration Statement are collectively referred to herein as the "Registration Statement")

4      29.    The Registration Statement was negligently prepared and, as a result, contained untrue
5 statements of material facts or omitted to state other facts necessary to make the statements made not
6 misleading, and was not prepared in accordance with the rules and regulations governing its
7 preparation.[3]

8      30.    Concerning the then-present status of Revance's clinical trial program, the Registration
9 Statement repeatedly falsely stated that the Company was then "*in a Phase 3 clinical development*
10 *program of RT001 in North America for the treatment of crow's feet lines.*" Emphasizing that Phase
11 3 trials had already started and Phase 2 was complete, the Registration Statement said immediately
12 thereafter, "we plan to initiate an additional Phase 3 clinical trial in Europe and a second Phase 3
13 clinical trial in the United States in 2015" The Registration Statement also displayed the misstatement
14 graphically, purporting to show RT001 completed Phase 2 and was then in Phase 3 clinical testing, and
15 misleadingly stating Revance would "[r]eport in 2014 results from first of two U.S. pivotal Phase 3
16 clinical trials":

17
18 
19
20
21      31    With respect to Revance's purported Phase 3 clinical trials, according to the Registration
22 Statement, Revance had "initiated an open label Phase 3 clinical trial in the first quarter of 2014 to
23 evaluate the long term safety and efficacy of repeat administration of RT001" and expected "to enroll
24 up to 1,800 subjects in the study." But this statement and the statements above were materially false
25 and misleading and omitted material information, including the following No contract research
26 organization ("CRO") had been hired to conduct this trial and Revance did not have an RT001

27 [3] References to the "Registration Statement" include other SEC filings expressly incorporated by reference therein, including the 2013 annual financial report filed on Form 10-K on February 6, 2014,
28 and the first quarter 2014 quarterly financial report filed on Form 10-Q on May 14, 2014

1 | formulation it could administer in the trial   In fact, the RT001 Revance was using had a different

2 | manufacturer (Revance, not the third party that manufactured the original RT001), process and

3 | manufacturing site. And Revance had not confirmed the RT001 formulation had adequate stability to

4 | support production for such a Phase 3 study.  To the contrary, Revance had to conduct a secret trial to

5 | ascertain whether the RT001 formulation it was using was even effective.  By the time of the Offering,

6 | Revance, at best, had no results from that secret trial demonstrating the RT001 formulation it was then

7 | using was effective. Indeed, *after* the Offering Revance was forced to admit the RT001 formulation it

8 | was using was not effective or suitable for large scale production and use in the Phase 3 clinical trial

9 | Revance was supposedly "in."   Investors and securities analysts recoiled upon learning this and

10 | Revance's stock lost nearly a quarter of its value.

11 | 32      The Registration Statement also asserted that the Company intended to "commercialize

12 | RT001 for indications where topical application provides a *meaningful* advantage over injectable

13 | administration," and in Revance's "Phase 2 clinical trials, RT001 has demonstrated a statistically

14 | significant and *clinically meaningful* reduction in crow's feet lines."  But these statements were

15 | materially false and misleading and omitted material facts, including that the FDA did not agree that

16 | Revance's proposed primary endpoint for demonstrating efficacy ("at rest") was in fact meaningful, and

17 | that Revance's RT001 formulation intended for the Phase 3 clinical trials was *not* the same formulation

18 | or product from the Phase 2 clinical trials and therefore had not demonstrated any reduction in crow's

19 | feet lines, let alone a meaningful one.  Indeed, Revance had yet to manufacture the same product used

20 | in its Phase 2 trials, notwithstanding its statements to the contrary.

21 | 33      Revance had changed its formulation for RT001 in order to enhance stability but did not

22 | see clinical improvement in trials for that new formulation. The Registration Statement made the point

23 | that Revance was using its "original Phase 2b diluent formulation" that generated the purportedly

24 | successful Phase 2 clinical trial results and that Revance had "confirm[ed]" that version of RT001 had

25 | "adequate commercial stability" for large scale production.  But these statements were materially false

26 | and misleading and omitted material information   Revance was *not* using the original RT001

27 | formulation, nor had Revance confirmed the product it was using had adequate stability  In fact, the

28 | RT001 formulation Revance was using had a different manufacturer (Revance, not the third party that

- 12 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1   manufactured the original RT001), process and manufacturing site. And Revance had *not* confirmed

2   the RT001 formulation had adequate stability. To the contrary, Revance had to conduct a secret trial to

3   ascertain whether the RT001 formulation it was using was effective. By the time of the Offering,

4   Revance, at best, had no results from that secret trial demonstrating the product it was then using was

5   effective. Indeed, *after* the Offering Revance was forced to admit the RT001 formulation it was using

6   was *not* effective or suitable for production and use in the Phase 3 clinical trial Revance was supposedly

7   "in."

8          34.     The Registration Statement represented that "[w]e have the ability to manufacture our

9   own botulinum toxin type A product to support our clinical trials" and "currently manufacture our own

10   clinical drug products to support both RT001 and RT002 exclusively in a single manufacturing and

11   laboratory facility and plan to utilize this facility in the future to support commercial production if our

12   product candidates are approved." The Registration Statement further asserted Revance was

13   manufacturing its own "bulk drug substance and finished dose forms of drug product to support

14   [Revance's] topical RT001 product candidate" and "we generally do not begin a clinical trial unless we

15   believe we have a sufficient supply of a product candidate to complete the clinical trial." These

16   statements were materially false and misleading and omitted material facts as explained below.

17   Defendants also put in the Registration Statement a number of generalized misleading "risk factors"

18   aimed at purported risks associated with Revance's ability to manufacture at "full commercial scale if

19   [Revance's] product candidates are approved" and "raw materials" and suggesting the next step for

20   Revance was merely commercial – not clinical – production. But defendants left out the following

21   material facts, including that Revance had never manufactured RT001 product at its own facility

22   effective enough to support a clinical trial, and specifically the Phase 3 clinical trial Revance was telling

23   investors it was in.

24          35      Indeed, Revance did *not* have the RT001 product to support the Phase 3 clinical trial.

25   Moreover, Revance was *not* using the original RT001 formulation, nor had Revance confirmed the

26   product it was using had adequate stability. In fact, the "RT001" Revance was using had a different

27   manufacturer (Revance, not the third party that manufactured the original RT001), process and

28   manufacturing site  And Revance had *not* confirmed that the product had adequate stability. To the

1   contrary, Revance had to conduct a secret trial to ascertain whether the RT001 formulation it was using

2   was effective. By the time of the Offering, Revance, at best, had no results from that secret trial

3   demonstrating the RT001 it was then using was effective Indeed, *after* the Offering Revance was

4   forced to admit the formulation it was using was *not* effective or suitable for production and use in the

5   Phase 3 clinical trial Revance was supposedly "in."

6       36.    The Registration Statement falsely claimed that Revance had successfully completed an

7   EOP2 meeting, that the FDA had approved its Phase 3 clinical trial structure, and that the FDA had

8   agreed that Revance did not need to demonstrate temporary wrinkle eradication "at smile" as a primary

9   endpoint in that Phase 3 clinical trial, stating in pertinent part as follows:

> [A]fter our Phase 2 clinical trials, we used the FDA's Formal Dispute Resolution process to obtain *confirmation* from the FDA that our proposed indication, *primary endpoint assessment and primary endpoint measurement were acceptable for continued clinical trials...* [T]he FDA provided written confirmation that our proposed indication, primary endpoint assessment and primary endpoint measurement were acceptable for Phase 3 clinical trials .

Indeed, the Registration Statement materially falsely stated that Revance obtained "written confirmation" from the FDA approving Revance's principal Phase 3 clinical trial designs for RT001, including allowing primary efficacy to be measured at rest, rather than at smile In reality, the FDA merely responded that Revance was not legally required to successfully complete an EOP2 meeting with the FDA to proceed with its Phase 3 clinical trial. Acknowledging the unremarkable facts that "the FDA [does] not confirm[] ... indication [and] primary endpoint[s] .. are acceptable for regulatory approval" before the actual results from Phase 3 trials are obtained and "there is no assurance the FDA will approve our BLA for RT001," the Registration Statement was materially misleading and omitted material facts because the FDA had in truth threatened that Revance's Phase 3 plan was destined for significant delay or failure, as set forth below and in ¶¶25-26.

      37.    In fact, the Registration Statement indicated Revance's Phase 3 clinical trial design met the FDA's approval standards, *when the design did not*, stating in pertinent part that "*[b]ased on ... discussions with the United States Food and Drug Administration,* .. three Phase 3 pivotal clinical trials and the Phase 3 open label safety clinical trial, if successful, *[would] provide the efficacy and safety data to support* ... regulatory filing for approval of RT001 for the treatment of crow's feet lines

1    in the United States." These statements and the statements in the paragraph above were materially false

2    and misleading and omitted material facts because the FDA rejected Revance's principal Phase 3

3    clinical trial designs for RT001 that Revance was leaving intact, including allowing primary efficacy to

4    be measured "at rest," rather than "at smile." In fact, the FDA's letter threatened that Revance's Phase

5    3 trial was destined for significant delay or failure, warning that "*[i]f the requirement for muscle*

6    *paralysis in terms of efficacy is not demonstrated in some way, the potential exists for questioning the*

7    *need for botulinum toxin type A at all*" in RT001. Thus, the FDA explicitly warned Revance that the

8    agency was not approving a botox treatment unless Revance demonstrated efficacy with muscle

9    paralysis, necessitating that Revance demonstrate efficacy "at smile" as a primary endpoint. Revance

10    never disclosed the FDA's letter. Indeed, when the FDA published the guidance consistent with what it

11    told Revance in private communications, Revance's securities analysts and investors were surprised,

12    causing Revance's stock price to drop nearly 30%.

13       38.    The Registration Statement also contained thousands of lines of generalized "risk

14    factors," including materially false and misleading statements about the "possible" future of Revance's

15    business that omitted then-*current* material information. Defendants stated the "success" of Revance's

16    product candidates depended on "timely completion of . . . clinical trials" and the "ability to

17    demonstrate" to the FDA "safety and efficacy;" Revance "may be unable to obtain regulatory approval

18    for RT001;" "there can be no assurance that the FDA will agree with our Phase 3 clinical trial protocol"

19    or "agree that the benefits of RT001 outweigh its risks;" clinical data "may not be sufficient to support

20    approval by the FDA;" "failure can occur;" and "later stage clinical trials" may not have the same

21    "positive results" as earlier trials. The "risk factors" on these matters were materially false and

22    misleading and omitted material information because of the true facts alleged above concerning

23    Revance's communications with the FDA and the status of Revance's Phase 3 clinical trials and ability

24    to manufacture RT001.

25       39.    The statements referenced above in ¶¶30-34 and 36-38 were each materially false and

26    misleading and omitted the material facts as alleged above that existed at the time of the Offering, and

27    as a result the Company's business and financial prospects were not what defendants had led the market

28    to believe they were in the Registration Statement.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

40      Pursuant to Item 303 of Regulation S-K [17 C.F.R. §229.303], and the SEC's related interpretive releases thereto, issuers are required to disclose events or uncertainties, including any known trends, that have had or are reasonably likely to cause the registrant's financial information not to be indicative of future operating results.  At the time of the Offering, unbeknownst to investors, Revance had not commenced a Phase 3 clinical trial in the first quarter of 2014 because it had not yet selected a CRO for the trial much less decided which RT001 formulation to employ in a Phase 3 clinical trial.  The Company also did not have the quality or quantity of RT001 on hand sufficient to complete a successful Phase 3 clinical trial.  The adverse events and uncertainties associated with these negative trends were reasonably likely to have a material impact on Revance's profitability, and, therefore, were required to be disclosed in the Registration Statement, but were not.

41      The Offering was successful for the Company and the Underwriters Defendants, who sold 4.6 million shares of Revance common stock to the public at $30.50 per share, raising $140.3 million in gross proceeds for the Company ($131 8 million net of underwriting fees and offering costs)

42.     However, the price of Revance common stock plummeted after the Offering as the market learned about the material adverse facts alleged above that defendants omitted from the Registration Statement.  Indeed, Revance's stock price dropped to as low as 50% of the Offering price and the stock currently trades at approximately 65% of the Offering price

**CLASS ACTION ALLEGATIONS**

43.     Plaintiff brings this action as a class action on behalf of all those who purchased Revance common stock pursuant to the Registration Statement issued in connection with the Offering (the "Class").  Excluded from the Class are defendants and their families, the officers, directors and affiliates of defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

44      The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believes that there are hundreds of members in the proposed Class.  Record owners and other members of the Class may be identified from records

1   maintained by Revance or its transfer agent and may be notified of the pendency of this action by mail,

2   using the form of notice similar to that customarily used in securities class actions

3       45    Plaintiff's claims are typical of the claims of the members of the Class as all members of

4   the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is

5   complained of herein

6       46.    Plaintiff will fairly and adequately protect the interests of the members of the Class and

7   has retained counsel competent and experienced in class and securities litigation.

8       47    Common questions of law and fact exist as to all members of the Class and predominate

9   over any questions solely affecting individual members of the Class. Among the questions of law and

10  fact common to the Class are.

11              (a)    whether defendants violated the 1933 Act;

12              (b)    whether statements made by defendants to the investing public in the Registration

13  Statement and Prospectus misrepresented material facts about the business and operations of Revance;

14  and

15              (c)    to what extent the members of the Class have sustained damages and the proper

16  measure of damages

17      48    A class action is superior to all other available methods for the fair and efficient

18  adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the

19  damages suffered by individual Class members may be relatively small, the expense and burden of

20  individual litigation make it impossible for members of the Class to individually redress the wrongs

21  done to them. There will be no difficulty in the management of this action as a class action.

22                          **FIRST CAUSE OF ACTION**

23                  **For Violations of §11 of the 1933 Act**
                    **Against All Defendants (Except Waugh)**

24      49.    Plaintiff incorporates ¶¶1-48 by reference.

25      50.    This Cause of Action is brought pursuant to §11 of the 1933 Act, 15 U.S.C. §77k, on

26  behalf of the Class, against all defendants (except defendant Waugh). This is a non-fraud cause of

27

28

                                    - 17 -

1  action. Plaintiff does not assert that defendants committed intentional or reckless misconduct or that
2  defendants acted with scienter or fraudulent intent.

3      51      The Registration Statement for the Offering was inaccurate and misleading, contained
4  untrue statements of material facts, omitted to state other facts necessary to make the statements made
5  not misleading, and omitted to state material facts required to be stated therein

6      52      The defendants named in this Cause of Action are strictly liable to plaintiff and the Class
7  for the misstatements and omissions

8      53      None of the defendants named herein made a reasonable investigation or possessed
9  reasonable grounds for the belief that the statements contained in the Registration Statement were true
10  and without omissions of any material facts and were not misleading

11      54.      By reason of the conduct herein alleged, each defendant named herein violated, and/or
12  controlled a person who violated, §11 of the 1933 Act.

13      55      Plaintiff acquired Revance common stock in the Offering.

14      56.      Plaintiff and the Class have sustained damages. The value of Revance common stock
15  has declined substantially subsequent to and due to these defendants' violations.

16      57      At the time of their purchases of Revance common stock, plaintiff and other members of
17  the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and
18  could not have reasonably discovered those facts prior to the disclosures herein  Less than one year has
19  elapsed from the time that plaintiff discovered or reasonably could have discovered the facts upon
20  which this complaint is based to the time that plaintiff commenced this action  Less than three years
21  has elapsed between the time that the securities upon which this Cause of Action is brought were
22  offered to the public and the time plaintiff commenced this action.

### SECOND CAUSE OF ACTION

**For Violation of §12(a)(2) of the 1933 Act Against
Defendants Revance, the Executive Defendants and the Underwriter Defendants**

58      Plaintiff incorporates ¶¶1-57 by reference.

1    59.    By means of the defective Prospectus, defendants Revance, the Executive Defendants

2 and the Underwriter Defendants promoted and sold Revance stock to plaintiff and other members of the

3 Class.

4    60.    The Prospectus contained untrue statements of material fact, and/or concealed or failed

5 to disclose material facts, as detailed above.  The defendants named in this Cause of Action owed

6 plaintiff and the other members of the Class who purchased Revance common stock pursuant to the

7 Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the

8 Prospectus to ensure that such statements were true and that there was no omission to state a material

9 fact required to be stated in order to make the statements contained therein not misleading  These

10 defendants, in the exercise of reasonable care, should have known of the misstatements and omissions

11 contained in the Prospectus as set forth above.

12    61.    Plaintiff did not know, nor in the exercise of reasonable diligence could have known, of

13 the untruths and omissions contained in the Prospectus at the time plaintiff acquired Revance common

14 stock.

15    62.    By reason of the conduct alleged herein, these defendants violated §12(a)(2) of the 1933

16 Act.  As a direct and proximate result of such violations, plaintiff and the other members of the Class

17 who purchased Revance common stock pursuant to the Prospectus sustained substantial damages in

18 connection with their purchases of the stock  Accordingly, plaintiff and the other members of the Class

19 who hold the common stock issued pursuant to the Prospectus have the right to rescind and recover the

20 consideration paid for their shares, and hereby tender their common stock to the defendants sued herein.

21 Class members who have sold their common stock seek damages to the extent permitted by law.

**THIRD CAUSE OF ACTION**

**For Violation of §15 of the 1933 Act**
**Against Revance and the Individual Defendants**

63    Plaintiff incorporates ¶¶1-62 by reference.

64.    This Cause of Action is brought pursuant to §15 of the 1933 Act against Revance and the

Individual Defendants

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1    65.    The Individual Defendants each were control persons of Revance by virtue of their

2  positions as directors and/or senior officers of Revance, and, with respect to Browne, Eastman, Gardner,

3  Glasheen, Tunnicliffe and Wooten, additionally due to their beneficial ownership of collectively 47% of

4  Revance's outstanding common stock. The Individual Defendants each had a series of direct and/or

5  indirect business and/or personal relationships with other directors and/or officers and/or major

6  shareholders of Revance. Revance controlled the Individual Defendants and all of its employees.

7    66.    Revance and the Individual Defendants each were culpable participants in the violations

8  of §11 of the 1933 Act alleged in the Cause of Action above, based on their having signed or authorized

9  the signing of the Registration Statement and having otherwise participated in the process which

10  allowed the Offering to be successfully completed

11  **PRAYER FOR RELIEF**

12    WHEREFORE, plaintiff prays for relief and judgment, as follows.

13    A.    Determining that this action is a proper class action, certifying plaintiff as a Class

14  representative under California Rule of Court 3.764 and California Code of Civil Procedure §382, and

15  plaintiff's counsel as Class counsel,

16    B    Awarding compensatory damages in favor of plaintiff and the other Class members

17  against all defendants, jointly and severally, for all damages sustained as a result of defendants'

18  wrongdoing, in an amount to be proven at trial, including interest thereon;

19    C.    Awarding plaintiff and the Class their reasonable costs and expenses incurred in this

20  action, including counsel fees and expert fees,

21    D.    Awarding rescission or a rescissory measure of damages; and

22    E.    Such equitable/injunctive or other relief as deemed appropriate by the Court.

23

24

25

26

27

28

1

## JURY DEMAND

2      Plaintiff demands a trial by jury.

3   DATED: May 1, 2015                    ROBBINS GELLER RUDMAN
4                                           & DOWD LLP
                                         JAMES I. JACONETTE
5

6

7                                         JAMES I. JACONETTE

8                                         655 West Broadway, Suite 1900
                                          San Diego, CA  92101-8498
9                                         Telephone:  619/231-1058
                                          619/231-7423 (fax)

10                                        ROBBINS GELLER RUDMAN
11                                          & DOWD LLP
                                          SHAWN A. WILLIAMS
12                                        Post Montgomery Center
                                          One Montgomery Street, Suite 1800
13                                        San Francisco, CA  94104
                                          Telephone:  415/288-4545
14                                        415/288-4534 (fax)

15                                        ROBBINS GELLER RUDMAN
16                                          & DOWD LLP
                                          SAMUEL H. RUDMAN
17                                        MARY K. BLASY
                                          58 South Service Road, Suite 200
18                                        Melville, NY  11747
                                          Telephone:  631/367-7100
19                                        631/367-1173 (fax)

20                                        Attorneys for Plaintiff

21   I \Admin\CptDraft\Securities\Cpt Revance docx

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>James I Jaconette (179565)<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>TELEPHONE NO 619/231-1058 FAX NO 619/231-7423<br>ATTORNEY FOR *(Name)* City of Warren Police and Fire Retirement System | FOR COURT USE ONLY<br>**FILED**<br>**SAN MATEO COUNTY**<br>MAY – 1 2015<br>Clerk of the Superior Court<br>By<br>DEPUTY CLERK |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS 400 County Center, 4th Floor
MAILING ADDRESS
CITY AND ZIP CODE Redwood City, CA 94063    *RGRD / JIJ*
BRANCH NAME Hall of Justice and Records

CASE NAME
City of Warren Police & Fire Ret Sys. v. Revance Therapeutics, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER **CIV533635** |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal Rules of Court, rule 3 402) | | JUDGE<br><br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2)*

1 Check **one** box below for the case type that best describes this case

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3 740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal Rules of Court, rules 3 400–3 403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☑ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2 This case ☑ is ☐ is not complex under rule 3 400 of the California Rules of Court If the case is complex, mark the factors requiring exceptional judicial management
a ☑ Large number of separately represented parties
b ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c ☑ Substantial amount of documentary evidence
d ☑ Large number of witnesses
e ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f ☐ Substantial postjudgment judicial supervision

3 Remedies sought *(check all that apply)* a ☑ monetary    b ☑ nonmonetary, declaratory or injunctive relief    c ☐ punitive
4 Number of causes of action *(specify)* Three
5 This case ☑ is ☐ is not a class action suit
6 If there are any known related cases, file and serve a notice of related case *(You may use form CM-015)*

Date May 1, 2015

James I Jaconette
(TYPE OR PRINT NAME)                    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal Rules of Court, rule 3 220) Failure to file may result in sanctions
- File this cover sheet in addition to any cover sheet required by local court rule
- If this case is complex under rule 3 400 et seq of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding
- Unless this is a collections case under rule 3 740 or a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT.**
*(AVISO AL DEMANDADO).*

REVANCE THERAPEUTICS, INC , L DANIEL BROWNE,
(Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM,
Individually and on Behalf of All Others Similarly Situated



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
**SAN MATEO COUNTY**
MAY − 1 2015
Clerk of the Superior Court
By _____
DEPUTY CLERK

| |
|---|
| **NOTICE!** You have been sued The court may decide against you without your being heard unless you respond within 30 days  Read the information below <br> You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff  A letter or phone call will not protect you  Your written response must be in proper legal form if you want the court to hear your case  There may be a court form that you can use for your response  You can find these court forms and more information at the California Courts Online Self-Help Center (*www courtinfo ca gov/selfhelp*), your county law library, or the courthouse nearest you  If you cannot pay the filing fee, ask the court clerk for a fee waiver form  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court <br> There are other legal requirements  You may want to call an attorney right away  If you do not know an attorney, you may want to call an attorney referral service  If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program  You can locate these nonprofit groups at the California Legal Services Web site (*www lawhelpcalifornia org*), the California Courts Online Self-Help Center (*www courtinfo ca gov/selfhelp*), or by contacting your local court or county bar association  NOTE  The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case  The court's lien must be paid before the court will dismiss the case <br> ¡AVISO! Lo han demandado  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión  Lea la información a continuación <br> Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante  Una carta o una llamada telefónica no lo protegen  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte  Es posible que haya un formulario que usted pueda usar para su respuesta  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www sucorte ca gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia <br> Hay otros requisitos legales  Es recomendable que llame a un abogado inmediatamente  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www lawhelpcalifornia org), en el Centro de Ayuda de las Cortes de California, (www sucorte ca gov) o poniéndose en contacto con la corte o el colegio de abogados locales  AVISO  Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil  Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso |

| | |
|---|---|
| The name and address of the court is <br> *(El nombre y dirección de la corte es)*  Superior Court of San Mateo County | **CASE NUMBER** *(Número del Caso)* <br> **C I V 5 3 3 6 3 5** |

400 County Center, 4th Foor
Redwood City, CA  94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
James I Jaconette, Robbins Geller, et al 655 W Broadway, Ste 1900, San Diego, CA 92101 619/231-1058

| | | | |
|---|---|---|---|
| DATE <br> *(Fecha)*  **MAY − 1 2015** | Clerk, by <br> *(Secretario)* | | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010) )*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*

**NOTICE TO THE PERSON SERVED** You are served

[SEAL]

1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify)*

3. ☐ on behalf of *(specify)*

   under ☐ CCP 416 10 (corporation)       ☐ CCP 416 60 (minor)
         ☐ CCP 416 20 (defunct corporation)   ☐ CCP 416 70 (conservatee)
         ☐ CCP 416 40 (association or partnership)  ☐ CCP 416 90 (authorized person)
         ☐ other *(specify)*

4. ☐ by personal delivery on *(date)*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev July 1 2009] | **SUMMONS** | Code of Civil Procedure §§ 412 20  465 <br> www courtinfo ca gov |

**SUM-200(A)**

| SHORT TITLE | CASE NUMBER |
|---|---|
| City of Warren Police & Fire Ret Sys. v. Revance Therapeutics, Inc | CIV 5 3 3 6 3 5 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons "Additional Parties Attachment form is attached "

List additional parties *(Check only one box  Use a separate page for each type of party )*

☐ Plaintiff     ☑ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

LAUREN P  SILVERNAIL, JACOB WAUGH, ROBERT BYRNES, RONALD W. EASTMAN, PHYLLIS
GARDNER, JAMES GLASHEEN, JONATHAN TUNNICLIFFE, RONALD WOOTEN, COWEN AND
COMPANY, LLC, PIPER JAFFRAY & CO , BMO CAPITAL MARKETS CORP , WILLIAM BLAIR &
COMPANY, L.L C  and DOES 1-25, inclusive,

Page  1  of  1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

| Attorney or Party without Attorney (Name/Address)<br>James I. Jaconette, Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone 619/231-1058<br>State Bar No 179565<br>Attorney for. City of Warren Police and Fire Retirement System | FOR COURT USE ONLY<br>**FILED**<br>SAN MATEO COUNTY<br>MAY − 1 2015<br>Clerk of the Superior Court<br>By_____<br>DEPUTY CLERK |
|---|---|
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA 94063 | |
| Plaintiff City of Warren Police and Fire Retirement System | |
| Defendant Revance Therapeutics, Inc , et al | |
| **Certificate Re Complex Case Designation** | Case Number<br>C I V 5 3 3 6 3 5 |

File By Fax

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1      In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

      ☒  Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims)

      ☒  Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

      ☒  Box 5 – Is [or is not] a class action suit.

2.     This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case. (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence, (5) coordination with related actions

pending in one or more courts in other counties, states or countries or in a federal court, (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision].

This case is provisionally complex as it involves securities claims  In addition, it is being

designated complex due to the large number of parties, the complexity of factual and/or legal

issues and because certification of putative class will be pursued

*(attach additional pages if necessary)*

3.    Based on the above-stated supporting information, there is a reasonable basis for the complex case designation or counter-designation [or noncomplex case counter-designation] being made in the attached Civil Case Cover Sheet.

\*\*\*\*\*

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct and that I make this certification subject to the applicable provisions of California Code of Civil Procedure, Section 128 7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San Mateo County Superior Court Local Rules, Local Rule 2.30

Dated.  May 1, 2015

James I  Jaconette
[Type or Print Name]

[Signature of Party or Attorney For Party]

CV-59 [Rev  1/06]                                                                    www sanmateocourt org



**Superior Court of California**
**County of San Mateo**
**Civil Department**
**400 County Center**
**Redwood City, CA 94063-1655**
**(650) 261-5100**
**www.sanmateocourt.org**

| CITY OF WARREN POLICE AND FIRE RETIREMENT<br>Plaintiff(s)<br>vs<br>REVANCE THERAPEUTICS, INC | **Notice of Complex Case Status Conference**<br><br>Case No   CIV 533635         Date  **06/30/15**<br>Time  **9:00 AM**<br>**Dept. 11** |
|---|---|
| Title    CITY OF WARREN, ETAL VS REVANCE THERAPEUTICS, ETAL | |

You are hereby given notice of your Complex Case Status Conference  The date, time and department have been written above  At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules of Court ("CRC"), Rule 3 400, subdivision (a) and whether it should be assigned to a single judge for all purposes

1    In accordance with applicable **San Mateo County Local Rule 2.30**, you are hereby ordered to
   a. **Serve** copies of this notice, your Civil Case Cover Sheet, and your Certificate Re  Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings
   b. **Give reasonable notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a)  Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3 1203

**2.   If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned.  The Order To Show Cause hearing will be at the same time as the Complex Case Status Conference.  Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3    An action is provisionally a complex case if it involves one or more of the following types of claims  (1) antitrust or trade regulation claims, (2) construction defect claims involving many parties or structures, (3) securities claims or investment losses involving many parties, (4) environmental or toxic tort claims involving many parties, (5) claims involving massive torts, (6) claims involving class actions, or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6)  The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in CRC 3 400(a)

4    Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3 401) or a counter or joinder Civil Case Cover Sheet (pursuant to CRC 3 402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re  Complex Case Designation in the form prescribed by the Court  The certificate must include supporting information showing a reasonable basis for the complex case designation being sought  Such supporting information may include, without limitation, a brief

description of the following factors as they pertain to the particular action (1) management of a large number of separately represented parties, (2) complexity of anticipated factual and/or legal issues, (3) numerous pretrial motions that will be time-consuming to resolve, (4) management of a large number of witnesses or a substantial amount of documentary evidence, (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court, (6) whether or not certification of a putative class action will in fact be pursued, and (7) substantial post-judgment judicial supervision

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

* Telephonic appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause, that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California

Date 05/01/15                                          John C Fitton,
                                                       Court Executive Officer/Clerk


                                                  By MADELINE APAZA
                                                     Deputy Clerk


Copies mailed to

        JAMES I JACONETTE
        655 W BROADWAY, STE 1900
        SAN DIEGO CA 92101

Form  CCSC [Rev Dec 2014]

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* CA Bar #179565 | FOR COURT USE ONLY |
|---|---|
| James I Jaconette<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>TELEPHONE NO 619-231-1058    FAX NO *(Optional)* 619-231-7423<br>E MAIL ADDRESS *(Optional)* JamesJ@rgrdlaw com<br>ATTORNEY FOR *(Name)* Plaintiff City of Warren Police and Fire Retirement System | **FILED**<br>**SAN MATEO COUNTY**<br>MAY 1 4 2015<br>**Clerk of the Superior Court**<br>By _____<br>DEPUTY CLERK |

FILE BY FAX

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS 400 County Center 4th Floor
MAILING ADDRESS
CITY AND ZIP CODE Redwood City CA 94063
BRANCH NAME Southern Branch

PLAINTIFF/PETITIONER City of Warren Police and Fire Retirement System

DEFENDANT/RESPONDENT Revance Therapeutics Inc , et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER<br>CIV533635 |
|---|---|

6-30
JLM

TO *(insert name of party being served)* James Glasheen

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415 30 of the California Code of Civil Procedure Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below

---

Date of mailing May 4, 2015

James I Jaconette
    *(TYPE OR PRINT NAME)*

►

    *(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)*

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*

1  [ ✓ ]  A copy of the summons and of the complaint

2  [ ✓ ]  Other *(specify)*

Additional Parties Attachment to Summons  Civil Case Cover Sheet, Certificate re Complex Case Designation; Notice of Case Management Conference, ADR Information Sheet, ADR Stipulation and Evaluation Instructions, Stipulation and Order to Appropriate Dispute Resolution form, Case Management Statement form, and Local Court Rules, effective January 1, 2014

*(To be completed by recipient)*

Date this form is signed  MAY 1 1 2015

James Glasheen
    *(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY IF ANY*
    *ON WHOSE BEHALF THIS FORM IS SIGNED)*

►

    *(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF*
    *ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)*

Form Adopted for Mandatory Use<br>
Judicial Council of California<br>
POS-015 [Rev January 1 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1<br>
Code of Civil Procedure<br>
§§ 415 30 417 10<br>
www.courtinfo ca gov

POS-015

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address)*  CA Bar #179565<br>James I. Jaconette<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>  TELEPHONE NO  619-231-1058      FAX NO *(Optional)* 619-231-7423<br> E MAIL ADDRESS *(Optional)*  JamesJ@rgrdlaw.com<br> ATTORNEY FOR *(Name)* Plaintiff City of Warren Police and Fire Retirement System | **FILED**<br>SAN MATEO COUNTY<br>MAY 1 4 2015<br>Clerk of the Superior Court<br>By<br>DEPUTY CLERK |

**FILE BY FAX**

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo<br>  STREET ADDRESS 400 County Center, 4th Floor<br>  MAILING ADDRESS<br>  CITY AND ZIP CODE Redwood City, CA  94063<br>  BRANCH NAME Southern Branch |
| PLAINTIFF/PETITIONER  City of Warren Police and Fire Retirement System<br><br>DEFENDANT/RESPONDENT  Revance Therapeutics, Inc., et al |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER<br>CIV533635 |
|---|---|

TO *(insert name of party being served)* Jacob Waugh

### NOTICE

The summons and other documents identified below are being served pursuant to section 415 30 of the California Code of Civil Procedure  Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity  In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons  If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below

Date of mailing May 4, 2015

James I. Jaconette
_____
(TYPE OR PRINT NAME)                        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*
1 [✓]   A copy of the summons and of the complaint
2 [✓]   Other *(specify)*
    Additional Parties Attachment to Summons; Civil Case Cover Sheet; Certificate re Complex Case Designation; Notice of Case Management Conference; ADR Information Sheet; ADR Stipulation and Evaluation Instructions; Stipulation and Order to Appropriate Dispute Resolution form; Case Management Statement form; and Local Court Rules, effective January 1 2014

*(To be completed by recipient)*:

Date this form is signed  MAY 1 1 2015

Jacob Waugh
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY IF ANY    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev January 1 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure
§§ 415 30  417 10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*  CA Bar #179565 | FOR COURT USE ONLY |
|---|---|
| James I. Jaconette<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>TELEPHONE NO: 619-231-1058    FAX NO *(Optional)*: 619-231-7423<br>E-MAIL ADDRESS *(Optional)*: JamesJ@rgrdlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff City of Warren Police and Fire Retirement System | **FILED**<br>SAN MATEO COUNTY<br><br>MAY 1 4 2015<br><br>Clerk of the Superior Court<br>By<br>DEPUTY CLERK |

FILE BY FAX

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo
STREET ADDRESS 400 County Center, 4th Floor
MAILING ADDRESS
CITY AND ZIP CODE Redwood City CA 94063
BRANCH NAME Southern Branch

PLAINTIFF/PETITIONER City of Warren Police and Fire Retirement System

DEFENDANT/RESPONDENT Revance Therapeutics, Inc. et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER<br>CIV533635 |
|---|---|

TO *(insert name of party being served)* Phyllis Gardner

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing May 4, 2015

James I. Jaconette
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*

1. [✓] A copy of the summons and of the complaint
2. [✓] Other *(specify)*:

Additional Parties Attachment to Summons, Civil Case Cover Sheet, Certificate re Complex Case Designation, Notice of Case Management Conference, ADR Information Sheet, ADR Stipulation and Evaluation Instructions, Stipulation and Order to Appropriate Dispute Resolution form, Case Management Statement form, and Local Court Rules, effective January 1, 2014

*(To be completed by recipient)*:

Date this form is signed  MAY 1 1 2015

Phyllis Gardner
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Page 1 of 1
Code of Civil Procedure
§§ 415.30, 417.10
www.courtinfo.ca.gov

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* CA Bar #179565 | FOR COURT USE ONLY |
|---|---|
| James I Jaconette<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>TELEPHONE NO 619-231-1058 FAX NO *(Optional)* 619-231-7423<br>E MAIL ADDRESS *(Optional)* JamesJ@rgrdlaw com<br>ATTORNEY FOR *(Name)* Plaintiff City of Warren Police and Fire Retirement System | **FILED**<br>SAN MATEO COUNTY<br>MAY 1 4 2015<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS 400 County Center, 4th Floor
MAILING ADDRESS
CITY AND ZIP CODE Redwood City CA 94063
BRANCH NAME Southern Branch

PLAINTIFF/PETITIONER City of Warren Police and Fire Retirement System

DEFENDANT/RESPONDENT Revance Therapeutics, Inc et al

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER
CIV533635

FILE BY FAX

TO *(insert name of party being served)* Ronald W Eastman

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415 30 of the California Code of Civil Procedure Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below

Date of mailing May 4, 2015

James I Jaconette
(TYPE OR PRINT NAME) (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*
1 [✓] A copy of the summons and of the complaint
2 [✓] Other *(specify)*
Additional Parties Attachment to Summons. Civil Case Cover Sheet; Certificate re Complex Case Designation. Notice of Case Management Conference. ADR Information Sheet. ADR Stipulation and Evaluation Instructions; Stipulation and Order to Appropriate Dispute Resolution form. Case Management Statement form. and Local Court Rules. effective January 1, 2014

*(To be completed by recipient)*

Date this form is signed MAY 1 2015

Ronald W Eastman
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY IF ANY ON WHOSE BEHALF THIS FORM IS SIGNED)
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1
Form Adopted for Mandatory Use Judicial Council of California POS 015 [Rev January 1 2005]
**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**
Code of Civil Procedure §§ 415 30 4 7 10 www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number and address)* CA Bar #179565<br>James I Jaconette<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego CA 92101<br>TELEPHONE NO 619-231-1058    FAX NO *(Optional)* 619-231-7423<br>E MAIL ADDRESS *(Optional)* JamesJ@rgrdlaw com<br>ATTORNEY FOR *(Name)* Plaintiff City of Warren Police and Fire Retirement System | FOR COURT USE ONLY<br><br>**FILED**<br>**SAN MATEO COUNTY**<br><br>MAY 1 4 2015<br><br>Clerk of the Superior Court<br><br>By _____<br>DEPUTY CLERK |
|---|---|

FILE BY FAX

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo<br>STREET ADDRESS 400 County Center, 4th Floor<br>MAILING ADDRESS<br>CITY AND ZIP CODE Redwood City, CA 94063<br>BRANCH NAME Southern Branch |
|---|

| PLAINTIFF/PETITIONER City of Warren Police and Fire Retirement System<br><br>DEFENDANT/RESPONDENT Revance Therapeutics Inc , et al |
|---|

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER<br>CIV533635 |
|---|---|

TO *(insert name of party being served)* L Daniel Browne

## NOTICE

The summons and other documents identified below are being served pursuant to section 415 30 of the California Code of Civil Procedure Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity  In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons  If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below

Date of mailing May 4, 2015

James I Jaconette
_____
(TYPE OR PRINT NAME)

► (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*
1 [✓]  A copy of the summons and of the complaint
2 [✓]  Other *(specify)*
    Additional Parties Attachment to Summons, Civil Case Cover Sheet, Certificate re Complex Case Designation  Notice of Case Management Conference, ADR Information Sheet, ADR Stipulation and Evaluation Instructions; Stipulation and Order to Appropriate Dispute Resolution form, Case Management Statement form, and Local Court Rules  effective January 1, 2014

*(To be completed by recipient)*

Date this form is signed  MAY 1 3 2015

L Daniel Browne
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY  F ANY
ON WHOSE BEHALF THIS FORM IS SIGNED)

► (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS 015 [Rev January 1 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415 30  417 10<br>www courtinfo ca gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) CA Bar #179565 | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) CA Bar #179565
James I Jaconette
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
TELEPHONE NO 619-231-1058    FAX NO (Optional) 619-231-7423
E MAIL ADDRESS (Optional) JamesJ@rgrdlaw com
ATTORNEY FOR (Name) Plaintiff City of Warren Police and Fire Retirement System

**FILED**
SAN MATEO COUNTY
MAY 1 4 2015
Clerk of the Superior Court
By _____
DEPUTY CLERK

FILE BY FAX

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS 400 County Center, 4th Floor
MAILING ADDRESS
CITY AND ZIP CODE Redwood City CA 94063
BRANCH NAME Southern Branch

PLAINTIFF/PETITIONER City of Warren Police and Fire Retirement System

DEFENDANT/RESPONDENT Revance Therapeutics Inc, et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER CIV533635 |
|---|---|

TO (insert name of party being served) Lauren P Silvernail

## NOTICE

The summons and other documents identified below are being served pursuant to section 415 30 of the California Code of Civil Procedure Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity  In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons  If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below

Date of mailing  May 4, 2015

James I Jaconette
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing)
1  ☑  A copy of the summons and of the complaint
2  ☑  Other (specify)

Additional Parties Attachment to Summons, Civil Case Cover Sheet, Certificate re Complex Case Designation, Notice of Case Management Conference, ADR Information Sheet, ADR Stipulation and Evaluation Instructions  Stipulation and Order to Appropriate Dispute Resolution form, Case Management Statement form  and Local Court Rules, effective January 1  2014

(To be completed by recipient).

Date this form is signed  **MAY 1 1 2015**

Lauren P Silvernail
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY  IF ANY
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT  WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS 015 [Rev January 1 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure
§§ 415 30  417 10
www courtinfo ca gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* CA Bar #179565 | FOR COURT USE ONLY |
|---|---|
| James I. Jaconette<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego CA 92101<br>TELEPHONE NO. 619-231-1058   FAX NO *(Optional)* 619-231-7423<br>E-MAIL ADDRESS *(Optional)* JamesJ@rgrdlaw.com<br>ATTORNEY FOR *(Name)* Plaintiff City of Warren Police and Fire Retirement System | **FILED**<br>**SAN MATEO COUNTY**<br>MAY 1 4 2015<br>Clerk of the Superior Court<br>By<br>DEPUTY CLERK |

FILE BY FAX

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo |
|---|
| STREET ADDRESS 400 County Center, 4th Floor |
| MAILING ADDRESS |
| CITY AND ZIP CODE Redwood City, CA 94063 |
| BRANCH NAME Southern Branch |

| PLAINTIFF/PETITIONER City of Warren Police and Fire Retirement System |
|---|
| DEFENDANT/RESPONDENT Revance Therapeutics, Inc. et al |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER<br>CIV533635 |
|---|---|

TO *(insert name of party being served)* Revance Therapeutics, Inc.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing May 4, 2015

James I. Jaconette
_____
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*
1. ☑ A copy of the summons and of the complaint
2. ☑ Other *(specify)*:

   Additional Parties Attachment to Summons, Civil Case Cover Sheet, Certificate re Complex Case Designation, Notice of Case Management Conference, ADR Information Sheet, ADR Stipulation and Evaluation Instructions; Stipulation and Order to Appropriate Dispute Resolution form, Case Management Statement form, and Local Court Rules, effective January 1, 2014

*(To be completed by recipient)*

Date this form is signed MAY 1 1 2015

Revance Therapeutics, Inc.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* CA Bar #179565 | FOR COURT USE ONLY |
|---|---|
| James I. Jaconette<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>TELEPHONE NO. 619-231-1058     FAX NO. *(Optional)* 619-231-7423<br>E-MAIL ADDRESS *(Optional)* JamesJ@rgrdlaw.com<br>ATTORNEY FOR *(Name)* Plaintiff City of Warren Police and Fire Retirement System | **RECEIVED**<br>SAN MATEO COUNTY<br><br>MAY 1 4 2015<br><br>Clerk of the Superior<br>By _____<br>DEPUTY CLERK |

FILE BY FAX

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo |
|---|
| STREET ADDRESS 400 County Center, 4th Floor |
| MAILING ADDRESS |
| CITY AND ZIP CODE Redwood City, CA 94063 |
| BRANCH NAME Southern Branch |

| PLAINTIFF/PETITIONER City of Warren Police and Fire Retirement System |
|---|
| DEFENDANT/RESPONDENT Revance Therapeutics Inc. et al |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER<br>CIV533635 |
|---|---|

TO *(insert name of party being served)* Robert Byrnes

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing May 4, 2015

James I. Jaconette
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*
1  [ ✓ ]  A copy of the summons and of the complaint
2  [ ✓ ]  Other *(specify)*:

Additional Parties Attachment to Summons, Civil Case Cover Sheet, Certificate re Complex Case Designation; Notice of Case Management Conference, ADR Information Sheet, ADR Stipulation and Evaluation Instructions, Stipulation and Order to Appropriate Dispute Resolution form, Case Management Statement form, and Local Court Rules, effective January 1, 2014

*(To be completed by recipient)*:

Date this form is signed  MAY 1 1 2015

Robert Byrnes
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure
§§ 415.30, 417.10
www.courtinfo.ca.gov

| | | |
|---|---|---|
| *Attorney or Party without Attorney*<br>James I Jaconette, Esq , Bar #179565<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>*Telephone No* 619-231-1058   *FAX No* 619-231-7423 | | **F I L E D**<br>*For Court Use Only*<br>SAN MATEO COUNTY<br>MAY 1 4 2015<br>Clerk of the Superior Court<br>By _____ DEPUTY CLERK |
| *Attorney for* Plaintiff | *Ref No or File No* | |

**FILE BY FAX**

*Insert name of Court, and Judicial District and Branch Court*
San Mateo County Superior Court

*Plaintiff* City of Warren Police and Fire Retirement System, et al

*Defendant* Revance Therapeutics, Inc , et al

| **PROOF OF SERVICE**<br>**Summons; Complaint** | *Hearing Date* | *Time* | *Dept/Div* | *Case Number*<br>CIV533635 |
|---|---|---|---|---|

1   At the time of service I was at least 18 years of age and not a party to this action

2   I served copies of the Summons, Class Action Complaint, Civil Case Cover Sheet, Certificate re Complex Case Designation, Notice of Case Management Conference, ADR Information Sheet, ADR Stipulation and Evaluation Instructions, Case Management Statement(blank), Local Rules re Complex Litigation

3   a  *Party served*
    b  *Person served*

William Blair & Company, LLC
Bjorn Flor, Person Authorized to Accept Service

4   *Address where the party was served*

C T Corporation
818 W 7th Street
Suite 930
Los Angeles, CA 90017

5   I served the party
    a  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on  Wed , May  06, 2015 (2) at  2 05PM

6   The "Notice to the Person Served" (on the Summons) was completed as follows
    on behalf of   William Blair & Company, LLC
    Other   limited liability company

7.  *Person Who Served Papers:*                                         Recoverable Cost Per CCP 1033 5(a)(4)(B)
    a  Richard Gari                                    d   *The Fee for Service was*
    b. **Class Action Research & Litigation**          e   I am (3) registered California process server
       P O Box 740                                         *(i)*   Independent Contractor
       Penryn, CA 95663                                    *(ii)*  Registration No         4047
    c  (916) 663-2562, FAX (916) 663-4955                  *(iii)* County                  Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct*

    *Date. Thu, May. 07, 2015*

Judicial Council Form POS-010             **PROOF OF SERVICE**                    (Richard Gari)                jajac 149323
Rule 2.150 (a)&(b) Rev January 1, 2007    **Summons; Complaint**

| | |
|---|---|
| *Attorney or Party without Attorney*<br>James I Jaconette, Esq , Bar #179565<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>*Telephone No* 619-231-1058     *FAX No* 619-231-7423<br><br>*Attorney for* Plaintiff | **FILED**<br>**SAN MATEO COUNTY**<br>MAY 1 4 2015<br>*Clerk of the Superior Court*<br>By _____<br>DEPUTY CLERK |

*Insert name of Court, and Judicial District and Branch Court*
San Mateo County Superior Court

*Plaintiff* City of Warren Police and Fire Retirement System, et al
*Defendant* Revance Therapeutics, Inc , et al

| **PROOF OF SERVICE**<br>**Summons; Complaint** | *Hearing Date* | *Time* | *Dept/Div* | *Case Number*<br>CIV533635 |
|---|---|---|---|---|

*1   At the time of service I was at least 18 years of age and not a party to this action*

2   I served copies of the Summons, Class Action Complaint, Civil Case Cover Sheet, Certificate re Complex Case Designation, Notice of Case Management Conference, ADR Information Sheet, ADR Stipulation and Evaluation Instructions, Case Management Statement(blank), Local Rules re Complex Litigation

| 3   *a Party served*<br>    *b Person served* | Piper Jaffray & Co<br>Bjorn Flor, Person Authorized to Accept Service |
|---|---|
| 4   *Address where the party was served* | C T Corporation<br>818 W 7th Street<br>Suite 930<br>Los Angeles, CA 90017 |

5   *I served the party*
    a **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on  Wed , May  06, 2015 (2) at  2 05PM
6   *The "Notice to the Person Served" (on the Summons) was completed as follows*
    *on behalf of*  Piper Jaffray & Co
    Under CCP 416 10 (corporation)

7.  *Person Who Served Papers:*                                          Recoverable Cost Per CCP 1033 5(a)(4)(B)
    a  Richard Gari                              d   *The Fee for Service was*
    b. **Class Action Research & Litigation**    e   I am (3) registered California process server
       P O Box 740                                   *(i)*   Independent Contractor
       Penryn, CA 95663                              *(ii)*  *Registration No*      4047
    c  (916) 663-2562, FAX (916) 663-4955         *(iii)* *County*              Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date: *Thu, May. 07, 2015*

Judicial Council Form POS-010
Rule 2 150 (a)&(b) Rev January 1, 2007

PROOF OF SERVICE
Summons, Complaint

(Richard Gari)

*jajac 149321*

FILE BY FAX

| | |
|---|---|
| *Attorney or Party without Attorney*<br>James I Jaconette, Esq , Bar #179565<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone No 619-231-1058    FAX No 619-231-7423 | **FILED**<br>*For Court Use Only*<br>**SAN MATEO COUNTY**<br>MAY 1 4 2015<br>Clerk of the Superior Court<br>By<br>DEPUTY CLERK |

*Attorney for* Plaintiff

| | Ref No or File No |
|---|---|

*Insert name of Court, and Judicial District and Branch Court*
San Mateo County Superior Court

*Plaintiff* City of Warren Police and Fire Retirement System, et al

*Defendant* Revance Therapeutics, Inc., et al

| **PROOF OF SERVICE**<br>**Summons; Complaint** | *Hearing Date* | *Time* | *Dept/Div* | *Case Number*<br>CIV533635 |
|---|---|---|---|---|

1   *At the time of service I was at least 18 years of age and not a party to this action*

2   I served copies of the Summons, Class Action Complaint, Civil Case Cover Sheet, Certificate re Complex Case Designation, Notice of Case Management Conference, ADR Information Sheet, ADR Stipulation and Evaluation Instructions, Case Management Statement(blank), Local Rules re Complex Litigation

3   *a Party served*             BMO Capital Markets Corp
     *b Person served*           Bjorn Flor, Person Authorized to Accept Service

4   *Address where the party was served*          C T Corporation
                                                    818 W  7th Street
                                                    Suite 930
                                                    Los Angeles, CA  90017

5   *I served the party*
     a **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on  Wed , May  06, 2015 (2) at  2 05PM
6   *The "Notice to the Person Served" (on the Summons) was completed as follows*
     *on behalf of*   BMO Capital Markets Corp
     Under CCP 416 10 (corporation)

7.  *Person Who Served Papers:*                                    Recoverable Cost Per CCP 1033 5(a)(4)(B)
     a  Richard Gari                                   d   *The Fee for Service was*
     b. **Class Action Research & Litigation**         e   I am (3)  registered California process server
         P O Box 740                                         (i)   Independent Contractor
         Penryn, CA  95663                                   (ii)  Registration No        4047
     c  (916) 663-2562, FAX (916) 663-4955                   (iii) County                 Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

     *Date: Thu, May. 07, 2015*

**PROOF OF SERVICE**
**Summons, Complaint**

(Richard Gari)

jajac 149322

FILE BY FAX

| Attorney or Party without Attorney<br>James I Jaconette, Esq , Bar #179565<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone No 619-231-1058    FAX No 619-231-7423 | For Court Use Only<br>**FILED**<br>**SAN MATEO COUNTY**<br>MAY 1 4 2015<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

| Attorney for Plaintiff | Ref No or File No |

Insert name of Court, and Judicial District and Branch Court

San Mateo County Superior Court

Plaintiff City of Warren Police and Fire Retirement System, et al

Defendant Revance Therapeutics, Inc , et al

| PROOF OF SERVICE<br>Summons; Complaint | Hearing Date | Time | Dept/Div | Case Number<br>CIV533635 |

1   At the time of service I was at least 18 years of age and not a party to this action

2   I served copies of the Summons, Class Action Complaint, Civil Case Cover Sheet, Certificate re Complex Case Designation, Notice of Case Management Conference, ADR Information Sheet, ADR Stipulation and Evaluation Instructions, Case Management Statement(blank), Local Rules re Complex Litigation

3   a  Party served
    b  Person served

Cowen and Company, LLC
Genelle Villarreal, Person Authorized to Accept Service

4   Address where the party was served

National Corporate Research Ltd
523 W 6th Street
Suite 544
Los Angeles, CA 90014

5   I served the party
    a  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on  Wed , May  06, 2015 (2) at  2 30PM
6   The "Notice to the Person Served" (on the Summons) was completed as follows
    on behalf of   Cowen and Company, LLC
    Other    Limited Liability Company

7   **Person Who Served Papers:**
    a  Timothy J Price
    **b. Class Action Research & Litigation**
       P O Box 740
       Penryn, CA  95663
    c  (916) 663-2562, FAX (916) 663-4955

Recoverable Cost Per CCP 1033 5(a)(4)(B)
    d   The Fee for Service was
    e   I am  (3)  registered California process server
         (i)    Independent Contractor
         (ii)   Registration No      5077
         (iii)  County              Los Angeles

8.   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Date·  Wed, May  06, 2015

PROOF OF SERVICE<br>Summons, Complaint          (Timothy J Price)          jajac 149320

<table>
<tr><td colspan="2">

Attorney or Party without Attorney.<br>
James I Jaconette, Esq., Bar #179565<br>
Robbins Geller Rudman & Dowd LLP<br>
655 West Broadway, Suite 1900<br>
San Diego, CA 92101<br>
Telephone No 619-231-1058      FAX No 619-231-7423

</td><td>

**FILED**<br>
SAN MATEO COUNTY<br>
MAY 1 4 2015<br>
Clerk of the Superior Court<br>
By_____<br>
DEPUTY CLERK

</td></tr>
</table>

*Ref No or File No*

*Attorney for* Plaintiff

*Insert name of Court, and Judicial District and Branch Court*
San Mateo County Superior Court

*Plaintiff:* City of Warren Police and Fire Retirement System, et al
*Defendant:* Revance Therapeutics, Inc., et al.

| **PROOF OF SERVICE**<br>**Summons; Complaint** | *Hearing Date:* | *Time.* | *Dept/Div* | *Case Number*<br>CIV533635 |
|---|---|---|---|---|

*1 At the time of service I was at least 18 years of age and not a party to this action*

2 I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet, Certificate re Complex Case Designation, Notice of Case Management Conference; ADR Information Sheet; ADR Stipulation and Evaluation Instructions, Case Management Statement(blank), Local Rules re Complex Litigation

3  a *Party served*        Jonathan Tunnicliffe<br>
    b *Person served:*      Jonathan Tunnicliffe, Personally

4  *Address where the party was served*      Aloft Hotel<br>
8200 Gateway Blvd.<br>
Newark, CA 94560

5  *I served the party.*<br>
a **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., May. 07, 2015 (2) at 7:30AM<br>
6  *The "Notice to the Person Served" (on the Summons) was completed as follows:*<br>
a. as an individual defendant

**7. *Person Who Served Papers:***                                    Recoverable Cost Per CCP 1033 5(a)(4)(B)<br>
a. Ron Gardiner<br>
b. **Class Action Research & Litigation**           d.  *The Fee for Service was.*<br>
P O Box 740                                          e.  I am: (3) registered California process server<br>
Penryn, CA 95663                                          (i)  Independent Contractor<br>
c (916) 663-2562, FAX (916) 663-4955                      (ii) *Registration No:*    458<br>
                                                          (iii) *County:*      Santa Clara

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

*Date: Thu, May. 07, 2015*

Judicial Council Form POS-010          **PROOF OF SERVICE**                    (Ron Gardiner)<br>
Rule 2.150.(a)&(b) Rev January 1, 2007   Summons; Complaint                                    *Jojac 149356*

FILE BY FAX

| Attorney or Party without Attorney | | | For Court Use Only |
|---|---|---|---|
| James I Jaconette, Esq , Bar #179565<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone No 619-231-1058        FAX No  619-231-7423 | | | **FILED**<br>SAN MATEO COUNTY<br>MAY 1 4 2015<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |
| Attorney for  Plaintiff | | Ref No  or File No | |
| Insert name of Court, and Judicial District and Branch Court<br>San Mateo County Superior Court | | | |
| Plaintiff City of Warren Police and Fire Retirement System, et al | | | |
| Defendant Revance Therapeutics, Inc , et al | | | |

FILE BY FAX

| **PROOF OF SERVICE**<br>**Summons; Complaint** | Hearing Date | Time | Dept/Div | Case Number<br>CIV533635 |
|---|---|---|---|---|

1   At the time of service I was at least 18 years of age and not a party to this action

2   I served copies of the Summons, Class Action Complaint, Civil Case Cover Sheet; Certificate re Complex Case Designation, Notice of
Case Management Conference, ADR Information Sheet, ADR Stipulation and Evaluation Instructions; Case Management
Statement(blank), Local Rules re Complex Litigation

3  a Party served                                    Ronald Wooten
    b Person served                                  Ronald Wooten, Personally

4  Address where the party was served      Aloft Hotel
                                                            8200 Gateway Blvd
                                                            Newark, CA  94560

5   I served the party
    a **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
      process for the party (1) on  Thu , May. 07, 2015 (2) at  7 30AM
6   The "Notice to the Person Served" (on the Summons) was completed as follows
    a  as an individual defendant

**7. Person Who Served Papers:**                                            Recoverable Cost Per CCP 1033 5(a)(4)(B)
    a  Robert J Mason                                    d   **The Fee for Service was**
    **b. Class Action Research & Litigation**    e   I am (3)  registered California process server
       P O Box 740                                              (i)    Independent Contractor
       Penryn, CA  95663                                      (ii)   Registration No         03-007
    c (916) 663-2562, FAX (916) 663-4955           (iii)  County                   Placer

**8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    Date: Thu, May. 07, 2015

                                                                            _(Robert J. Mason)_

Judicial Council Form POS-010                    **PROOF OF SERVICE**                                              jajac 149357
Rule 2.150 (a)&(b) Rev January 1, 2007       Summons; Complaint

1 | ROBBINS GELLER RUDMAN
   & DOWD LLP
2 | JAMES I JACONETTE (179565)
   655 West Broadway, Suite 1900
3 | San Diego, CA 92101-8498
   Telephone 619/231-1058
4 | 619/231-7423 (fax)
   – and –
5 | SHAWN A WILLIAMS (213113)
   Post Montgomery Center
6 | One Montgomery Street, Suite 1800
   San Francisco, CA 94104
7 | Telephone 415/288-4545
   415/288-4534 (fax)
8
   Attorneys for Plaintiff
9
   [Additional counsel appear on signature page ]
10
11
12

**FILED**
**SAN MATEO COUNTY**
MAY 1 4 2015
Clerk of the Superior Court
By _____
DEPUTY CLERK

FILE BY FAX

@ 30.15
PMn

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Case No CIV533635 |
| | CLASS ACTION |
| Plaintiff, ) ) ) | NOTICE OF CASE MANAGEMENT CONFERENCE AND COMPLEX CASE STATUS CONFERENCE |
| vs ) | |
| REVANCE THERAPEUTICS, INC , et al , ) ) ) | DATE ACTION FILED 05/01/15 |
| Defendants ) ) | DEMAND FOR JURY TRIAL |

NOTICE OF CASE MANAGEMENT CONFERENCE AND COMPLEX CASE STATUS CONFERENCE

1027802_1

1  TO      ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2          Please find attached. Notice of Case Management Conference scheduled for September 17, 2015

3  at 9 00 a m in Department 7; Notice of Complex Case Status Conference scheduled for June 30, 2015

4  at 9.00 a.m in Department 11; Certificate re Complex Case Designation, and Civil Case Cover Sheet

5  (attached hereto as Exhibits A-D, respectively)

6  DATED: May 14, 2015                          ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
7                                                JAMES I JACONETTE

8

9

10                                                    JAMES I. JACONETTE

11                                               655 West Broadway, Suite 1900
                                                 San Diego. CA 92101-8498
                                                 Telephone  619/231-1058
12                                               619/231-7423 (fax)

13                                               ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
14                                               SHAWN A  WILLIAMS
                                                 Post Montgomery Center
15                                               One Montgomery Street, Suite 1800
                                                 San Francisco, CA  94104
16                                               Telephone: 415/288-4545
                                                 415/288-4534 (fax)

17
                                                 ROBBINS GELLER RUDMAN
18                                                 & DOWD LLP
                                                 SAMUEL H  RUDMAN
19                                               MARY K. BLASY
                                                 58 South Service Road. Suite 200
20                                               Melville, NY  11747
                                                 Telephone:  631/367-7100
21                                               631/367-1173 (fax)

22                                               VANOVERBEKE MICHAUD & TIMMONY, P C
                                                 THOMAS C. MICHAUD
23                                               79 Alfred Street
                                                 Detroit, MI  48201
24                                               Telephone: 313/578-1200
                                                 313/578-1201 (fax)

25
                                                 Attorneys for Plaintiff CITY OF WARREN POLICE
26                                               AND FIRE RETIREMENT SYSTEM

27

28
                                            - 1 -
   NOTICE OF CASE MANAGEMENT CONFERENCE AND COMPLEX CASE STATUS CONFERENCE
   1027802_1

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare

1     That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action, that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101

2     That on May 14, 2015, declarant served the **NOTICE OF CASE MANAGEMENT CONFERENCE AND COMPLEX CASE STATUS CONFERENCE** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed below

| | |
|---|---|
| Shannon Eagan<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304-1130<br>Telephone  650/843-5909<br>650/849-7400 (fax)<br>seagan@cooley com<br><br>Counsel for Revance Therapeutics, Inc  and<br>Individual Defendants | Joshua D N  Hess<br>DECHERT LLP<br>One Bush Street, Suite 1600<br>San Francisco, CA  94104-4446<br>Telephone  415/262-4583<br>415/262-4555 (fax)<br>joshua hess@dechert com<br><br>Counsel for Underwriter Defendants |

3     That there is a regular communication by mail between the place of mailing and the places so addressed

I declare under penalty of perjury that the foregoing is true and correct   Executed on May 14, 2015, at San Diego, California

_Vicki J Rogers_
VICKI J  ROGERS

# EXHIBIT A

NOTICE OF CASE MANAGEMENT CONFERENCE

_City of Burma Park and Tile_     **ENDORSED FILED**    Case No    C I V 5 3 3 6 3 5
                      **SAN MATEO COUNTY**

       vs                MAY – 1 2015    Date. _5/17/15_

_Gerome Ter...._, et al     Clerk of the Superior Court
            By _MADELINE MASTERSON_ Time 9:00 a.m.
                  DEPUTY CLERK

               Dept. _7_    --on Tuesday & Thursday
               Dept. _____    --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1   In accordance with applicable California Rules of the Court and local Rules 2 3(d)1-4 and 2 3(m), you are hereby ordered to.

     a)   Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201 7)

     b)   Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action

     c)   File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions

     d)   Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference

2   If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3   Continuances of Case Management Conferences are highly disfavored unless good cause is shown

4   Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form) If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator If plaintiffs and defendants file a completed stipulation to another ADR process (e g , mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session The court will notify parties of their new Case Management Conference date

5   If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does," "Roes," etc are named in your complaint, they must be dismissed in order to close the case If any party is in bankruptcy, the case is stayed only as to that named party

6   You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above You must be thoroughly familiar with the case and fully authorized to proceed.

7.   The Case Management judge will issue orders at the conclusion of the conference that may include

     a)   Referring parties to voluntary ADR and setting an ADR completion date,

     b)   Dismissing or severing claims or parties,

     c)   Setting a trial date

8   The Case Management judge may be the trial judge in this case

For further information regarding case management policies and procedures, see the court's website at   www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information)

# EXHIBIT B



RECEIVED MAY 0 4 2015 Superior Court of California
County of San Mateo
Civil Department
400 County Center
Redwood City, CA 94063-1655
(650) 261-5100
www.sanmateocourt.org

| CITY OF WARREN POLICE AND<br>FIRE RETIREMENT<br>Plaintiff(s)<br>vs<br>REVANCE THERAPEUTICS, INC | **Notice of Complex Case Status Conference**<br><br>Case No   CIV 533635           Date  **06/30/15**<br>Time   **9:00 AM**<br>Dept. 11 |
| --- | --- |
| Title    CITY OF WARREN, ETAL VS REVANCE THERAPEUTICS, ETAL | |

You are hereby given notice of your Complex Case Status Conference   The date, time and department have been written above   At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules of Court ("CRC"), Rule 3 400, subdivision (a) and whether it should be assigned to a single judge for all purposes

1    In accordance with applicable **San Mateo County Local Rule 2.30,** you are hereby ordered to
    a   **Serve** copies of this notice, your Civil Case Cover Sheet, and your Certificate Re  Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings
    b.  **Give reasonable notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a)   Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3 1203

> **2.   If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned.  The Order To Show Cause hearing will be at the same time as the Complex Case Status Conference.  Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3    An action is provisionally a complex case if it involves one or more of the following types of claims  (1) antitrust or trade regulation claims, (2) construction defect claims involving many parties or structures, (3) securities claims or investment losses involving many parties, (4) environmental or toxic tort claims involving many parties, (5) claims involving massive torts, (6) claims involving class actions, or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6)   The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in CRC 3 400(a).

4    Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3 401) or a counter or joinder Civil Case Cover Sheet (pursuant to CRC 3 402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re  Complex Case Designation in the form prescribed by the Court   The certificate must include supporting information showing a reasonable basis for the complex case designation being sought   Such supporting information may include, without limitation, a brief

Form  CCSC [Rev Dec 2014]

description of the following factors as they pertain to the particular action (1) management of a large number of separately represented parties, (2) complexity of anticipated factual and/or legal issues, (3) numerous pretrial motions that will be time-consuming to resolve, (4) management of a large number of witnesses or a substantial amount of documentary evidence, (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court, (6) whether or not certification of a putative class action will in fact be pursued, and (7) substantial post-judgment judicial supervision

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

\* Telephonic appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause, that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date 05/01/15

John C Fitton,
Court Executive Officer/Clerk


By MADELINE APAZA
Deputy Clerk


Copies mailed to

```
JAMES I JACONETTE
655 W BROADWAY, STE 1900
SAN DIEGO CA 92101
```

# EXHIBIT C

| Attorney or Party without Attorney (Name/Address)<br>James I. Jaconette, Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone: 619/231-1058<br>State Bar No.: 179565<br>Attorney for: City of Warren Police and Fire Retirement System | FOR COURT USE ONLY<br><br>**ENDORSED FILED**<br>SAN MATEO COUNTY<br><br>MAY - 1 2015<br><br>Clerk of the Superior Court<br>By __MADELINE MASTERSON__<br>DEPUTY CLERK |
|---|---|
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA  94063 | |
| Plaintiff: City of Warren Police and Fire Retirement System | |
| Defendant: Revance Therapeutics, Inc., et al. | C I V 5 3 3 6 3 5<br>Case Number |
| Certificate Re Complex Case Designation | |

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1.   In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

  &x2611; Box 1 -- Case type that is best described as being [or not being] provisionally complex civil litigation (i e , antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims)

  &x2611; Box 2 -- Complex [or not complex] due to factors requiring exceptional judicial management

  &x2611; Box 5 -- Is [or is not] a class action suit.

2.   This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve, (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision]·

This case is provisionally complex as it involves securities claims. In addition, it is being

designated complex due to the large number of parties, the complexity of factual and/or legal

issues and because certification of putative class will be pursued

*(attach additional pages if necessary)*

3.    Based on the above-stated supporting information, there is a reasonable basis for the complex case designation or counter-designation [or noncomplex case counter-designation] being made in the attached Civil Case Cover Sheet

* * * * *

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct and that I make this certification subject to the applicable provisions of California Code of Civil Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San Mateo County Superior Court Local Rules, Local Rule 2.30

Dated   May 1, 2015

James I. Jaconette                                      [Signature of Party or Attorney For Party]
[Type or Print Name]

# EXHIBIT D

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James I. Jaconette (179565)<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>TELEPHONE NO. 619/231-1058    FAX NO. 619/231-7423<br>ATTORNEY FOR (Name): City of Warren Police and Fire Retirement System | **ENDORSED FILED**<br>SAN MATEO COUNTY<br><br>MAY – 1 2015<br><br>Clerk of the Superior Court<br>By   MADELINE MASTERSON<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS: 400 County Center, 4th Floor
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA  94063
BRANCH NAME: Hall of Justice and Records

CASE NAME:
City of Warren Police & Fire Ret. Sys. v. Revance Therapeutics, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CIV533635 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[✓] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties    d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):  Three
5. This case [✓] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 1, 2015

James I. Jaconette
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

<table>
<tr><td>

Attorney or Party without Attorney (Name/Address)<br>
James I. Jaconette, Robbins Geller Rudman & Dowd LLP<br>
655 West Broadway, Suite 1900<br>
San Diego, CA 92101<br>
Telephone 619/231-1058<br>
State Bar No 179565<br>
Attorney for. City of Warren Police and Fire Retirement System

</td><td>

FOR COURT USE ONLY<br>
<br>
**FILED**<br>
**SAN MATEO COUNTY**<br>
<br>
MAY - 1 2015<br>
<br>
Clerk of the Superior Court<br>
By _____<br>
DEPUTY CLERK

</td></tr>
</table>

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN MATEO
400 COUNTY CENTER
REDWOOD CITY, CA 94063

Plaintiff City of Warren Police and Fire Retirement System

Defendant Revance Therapeutics, Inc , et al

| **Certificate Re Complex Case Designation** | Case Number C I V 5 3 3 6 3 5 |
| --- | --- |

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1     In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

☒   Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims)

☒   Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

☒   Box 5 – Is [or is not] a class action suit.

2.     This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case. (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence, (5) coordination with related actions

pending in one or more courts in other counties, states or countries or in a federal court, (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision].

This case is provisionally complex as it involves securities claims   In addition, it is being

designated complex due to the large number of parties, the complexity of factual and/or legal

issues and because certification of putative class will be pursued

*(attach additional pages if necessary)*

3.   Based on the above-stated supporting information, there is a reasonable basis for the complex case designation or counter-designation [or noncomplex case counter-designation] being made in the attached Civil Case Cover Sheet.

*****

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct and that I make this certification subject to the applicable provisions of California Code of Civil Procedure, Section 128 7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San Mateo County Superior Court Local Rules, Local Rule 2.30

Dated.  May 1, 2015

James I  Jaconette
[Type or Print Name]                        [Signature of Party or Attorney For Party]

## NOTICE OF CASE MANAGEMENT CONFERENCE

*City of Warren Police and ~~San Mateo County~~*

**FILED**
**SAN MATEO COUNTY**

MAY - 1 2015

Clerk of the Superior Court
By_____
DEPUTY CLERK

Case No  **C I V 5 3 3 6 3 5**

vs

*Lervance Therapeutics, etc.*

Date  *9/17/15*

Time 9 00 a m

Dept  **7**  --on Tuesday & Thursday

Dept  _____  --on Wednesday & Friday

You are hereby given notice of your Case Management Conference  The date, time and department have been written above

1    In accordance with applicable California Rules of the Court and local Rules 2 3(d)1-4 and 2 3(m), you are hereby ordered
to

   a)  Serve all named defendants and file proofs of service on those defendants with the court within **60-days** of filing
   the complaint (CRC 201 7)

   b)  Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this
   action

   c)  File and serve a completed Case Management Statement at least **15-days** before the Case Management
   Conference [CRC 212(g)]  Failure to do so may result in monetary sanctions

   d)  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than
   **30-days** before the date set for the Case Management Conference

2.    **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned  The Order
to Show Cause hearing will be at the same time as the Case Management Conference hearing.  Sanctions may
include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal**

3    Continuances of Case Management Conferences are highly disfavored unless good cause is shown

4    Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed
Order (see attached form)  If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial
arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the
Arbitration Administrator  If plaintiffs and defendants file a completed stipulation to another ADR process (e g ,
mediation) **10-days** prior to the first scheduled Case Management Conference, the Case Management Conference will be
continued for 90-days to allow parties time to complete their ADR session  The court will notify parties of their new Case
Management Conference date

5    If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management
Conference Calendar  If "Does", "Roes," etc  are named in your complaint, they must be dismissed in order to close the
case  If any party is in bankruptcy, the case is stayed only as to that named party

6    You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference
noticed above  You must be thoroughly  familiar with the case and fully authorized to proceed

7    The Case Management judge will issue orders at the conclusion of the conference that may include

   a)  Referring parties to voluntary ADR and setting an ADR completion date,

   b)  Dismissing or severing claims or parties,

   c)  Setting a trial date

8    The Case Management judge may be the trial judge in this case

For further information regarding case management policies and procedures, see the court's website at   www.sanmateocourt org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior
to the scheduled conference (see attached CourtCall information)*