UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>REVANCE THERAPEUTICS, INC., et al.,<br><br>Defendants. | Case No. 15-cv-02512-HSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 8 |

Pending before the Court is Plaintiff City of Warren Police and Fire Retirement System's motion to remand. For the reasons articulated below, the Motion is GRANTED.

**I.   BACKGROUND**

On May 1, 2015, Plaintiff City of Warren Police and Fire Retirement System filed this securities class action in the San Mateo County Superior Court. Dkt. No. 1-2. In its complaint, Plaintiff asserts only federal Securities Act claims against Defendant Revance Therapeutics, Inc., certain officers and directors thereof, and certain venture capitalists and underwriters associated with a public offering of Revance securities. *Id.* On June 5, 2015, Defendant removed this case to federal court pursuant to 28 U.S.C. § 1441(a). Dkt. No. 1. In the present motion, Plaintiff argues that Defendant's removal of the case is expressly barred by the Securities Act of 1933.

**II.   DISCUSSION**

**A.   Legal Standard**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court. 28 U.S.C. § 1441(a). The Ninth Circuit has held that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Because of this "strong presumption against removal jurisdiction," a defendant "always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted). But "a plaintiff seeking remand [on the basis of an express exception to removal jurisdiction] has the burden to prove that an express exception to removal exists." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

### B. The Securities Act Of 1933 And The Securities Litigation Uniform Standards Act

In 1998, Congress enacted the Securities Litigation Uniform Standards Act ("SLUSA"), which amended, in relevant part, the jurisdictional and antiremoval provisions of the Securities Act of 1933. Before 1998, the jurisdictional provision of the Securities Act granted concurrent jurisdiction over Securities Act claims to both state and federal courts as follows: "The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter." 15 U.S.C. § 77v(a) (1997). The Securities Act also contained an antiremoval provision that stated: "No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." *Id.*

SLUSA amended § 77v(a) by adding the following italicized language:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. . . . *Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (emphases added).

Section 77p(c), which was also added by SLUSA, is titled "Removal of covered class actions," and states:

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to

2

the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c). Section 77p(b) (another SLUSA addition), in turn, is titled "Class action limitations" and describes certain securities class actions that are now completely precluded under the Securities Act:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

Finally, SLUSA also added a definitions provision that defines "covered class action" to include "any single lawsuit in which[] damages are sought on behalf of more than 50 persons or prospective class members, . . . [or] one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated." 15 U.S.C. § 77p(f)(2)(A)(i).

### C. Statutory Interpretation

The parties dispute whether the above provisions, taken together, prohibit the removal of securities fraud class actions like the present one that bring claims only under the federal Securities Act and not under state law.

#### 1. Plain Language

"As with any question of statutory interpretation," the Court's "analysis begins with the plain language of the statute." *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009). Plaintiff's position is that "the language that was inserted into the first sentence of the jurisdictional provision . . . references the entirety of 77p, a section that is exclusively concerned with state law class actions." *Rajasekaran v. CytRx Corp.*, No. 14-cv-03406-GHK, 2014 WL 4330787, at *5 (C.D. Cal. Aug. 21, 2014). According to Plaintiff, the *Rajasekaran* court concluded,

> The SLUSA amendment to § 77v(a) does not go so far as to take all

> securities class actions out of state court. The better view is that the amendment to the jurisdictional provision was meant to simply acknowledge that there is now a subset of class actions that are no longer cognizable in either state or federal court—those state law class actions that are precluded by § 77p(b). Had Congress intended to make federal district courts the exclusive forum for securities class actions, we presume it would have said as much. It is dubious that Congress would have instead evinced its intent by making an oblique reference to a section that is exclusively concerned with state law class actions and never directly addresses 1933 Act claims.

*Id.*

Turning to the antiremoval provision, Plaintiff's position is that the plain language of the exception to that provision applies only to "covered class action[s] . . . as set forth in subsection (b)." 15 U.S.C. § 77p(c). And subsection (b) applies only to "class action[s] based upon the statutory or common law of any State." *Id.* § 77p(b). Since Plaintiff's complaint alleged only *federal* Securities Act claims, and no claims under state law, the exception permitting removal does not apply, and Defendants are barred from removing the instant lawsuit to federal court.

Defendants counter that the Court need not even consider the antiremoval provision because the jurisdictional provision of the Securities Act, as amended by SLUSA, strips state courts of jurisdiction of covered class actions—including those asserting only federal securities claims. In other words, Defendants read the "except as provided in section 77p of this title with respect to covered class actions" clause of the jurisdictional provision as referring *only* to § 77p(f)'s broad definition of covered class actions. *Id.* § 77v(a). Because state courts lack jurisdiction of federal securities class actions, according to Defendants' interpretation, the antiremoval provision would not bar removal here since that provision is relevant only to suits brought in state courts "of competent jurisdiction." *Id.*

The Court finds that Plaintiff's interpretation of the provisions at issue better reflects the plain language of the statute. Defendants' interpretation relies on an overly constricted reading of the jurisdictional provision's reference to § 77p. Additionally, Plaintiff's position is supported by dicta from both the Supreme Court and the Ninth Circuit. *See Kircher v. Putnam Funds Trust*, 547 U.S. 633, 643-44 (2006) (noting that "[i]f the action is precluded [under § 77p(b)], neither the district court nor the state court may entertain it, and the proper course is to dismiss," but that "[i]f the action is not precluded, . . . the proper course is to remand to the state court that can deal with

4

it"); *Madden v. Cowen & Co.*, 576 F.3d 957, 965 (9th Cir. 2009) ("As the Supreme Court has explained, any suit removable under SLUSA's removal provision, § 77p(c), is precluded under SLUSA's preclusion provision, § 77p(b), and any suit not precluded is not removable."); *Luther*, 533 F.3d at 1033 (noting that § 77v(a)'s antiremoval provision "strictly forbids the removal of cases brought in state court and asserting claims under the [Securities] Act" and that the plaintiff's "class action falls within [§ 77v(a)'s] removal bar because it was brought in state court and asserts only claims arising under the Securities Act of 1933").

Finally, Plaintiff's position "appears to be emerging as the dominant view around the country" and has almost uniformly been upheld by district courts since 2012. *Plymouth Cnty. Ret. Sys. v. Model N, Inc.*, No. 14-cv-04516-WHO, 2015 WL 65110, at *3 (N.D. Cal. Jan. 5, 2015). To the Court's knowledge, only a single district court in any district has denied remand since August 2012—and that denial took the form of a summary two-paragraph order. *See Wunsch v. Am. Realty Cap. Props.*, No. 14-cv-04007-JFM, 2015 WL 2183035, at *1 (D. Md. Apr. 14, 2015). The Northern District of California has "soundly rejected" Defendants' position in recent years. *Liu v. Xoom Corp.*, No. 15-cv-00602-LHK, at 6 (N.D. Cal. June 25, 2015) (granting remand); *see Plymouth Cnty*, 2015 WL 65110, at *4 (same); *Desmarais v. Johnson*, No. 13-cv-03666-WHA, 2013 WL 5735154, at *5 (N.D. Cal. Oct. 22, 2013) (same); *Toth v. Envivo, Inc.*, No. 12-cv-05636-CW, 2013 WL 5596965, at *2 (N.D. Cal. Oct. 11, 2013) (same); *Reyes v. Zynga, Inc.*, No. 12-cv-05065-JSW, 2013 WL 5529754, at *4 (N.D. Cal. Jan. 23, 2013) (same).

### 2. Legislative History

Defendants also assert that their interpretation is more consistent with the stated purpose of SLUSA. In Defendants' view, that purpose is "to curtail the proliferation in state courts of securities fraud class actions (federal or state) beyond the reach of the [Private Securities Litigation Reform Act of 1995]'s heightened pleading standards." *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 421 (S.D.N.Y. 2009); *see also* H.R. Conf. Rep. No. 105-803, at 13 (stating goal of making "Federal court the exclusive venue for most securities class action lawsuits[] [and] . . . to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than Federal, court").

But the legislative history is simply too "murky" to be of any "help in answering the question that is before us." *Rajasekaran*, 2014 WL 4330787, at *7. For example, the very first sentence of SLUSA states that the purpose of the amendments is "to amend the Securities Act of 1933 . . . to limit the conduct of securities class actions under State law." Pub. L. No. 105-353, 112 Stat. 3227 (1998). And a May 1998 Senate Report reads: "[SLUSA] makes clear the Committee's intention to enact this legislation in order to prevent state laws from being used to frustrate the operation and goals of the 1995 Reform Act." S. Rep. 105-182 at 1 (1998).

In the end, Defendants have not carried their burden to establish that removal is proper. The Court grants the motion to remand in the face of this inconsistent legislative history because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus*, 980 F.2d at 566.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED. This action is remanded to the Superior Court of the State of California for the County of San Mateo. The Clerk of this Court shall transmit forthwith a certified copy of this order to the Clerk of the Superior Court and close this case displaying all pending motions as resolved.

**IT IS SO ORDERED.**

Dated: August 31, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge